

LAW OFFICES OF
CORY H. MORRIS
ATTORNEY &
COUNSELOR AT LAW

# *Via Electronic Case Filing Only*

March 24, 2017

**Magistrate A. Kathleen Tomlinson**
**100 Federal Plaza**
**P.O. Box 9014**
**Central Islip, NY 11722**

> <u>Re:</u>   **Motion to Compel;**
> **<u>Michael W. McDevitt v. Suffolk County et al, 2:16-cv-4164 (JFB)(AKT)</u>;**

Dear Hon. Judge Tomlinson:

As you records may reflect, this office represents the Plaintiff in the above mentioned action. The undersigned submits this letter motion pursuant to Your Honor's March 1, 2017 Civil Conference [D.E. 23] Minute Order, Federal Rule of Civil Procedure 37 and Local Rules 37.1 and 37.3 to compel Defendants to respond Plaintiffs outstanding discovery demands, for Defendants to appropriately identify (utilizing bates stamp identification) documentation responsive to Plaintiff's demands and for all other relief this Court deems just and proper.

### Preliminary Statement

Plaintiff's First Set of Document Demands were served on October 21, 2016 (**Exhibit A**) and Plaintiff's First Set of Interrogatories (**Exhibit B**) were served on October 21, 2016 (collectively referred to herein as "Discovery Demands"). Pursuant to Your Honor's Scheduling Order, Plaintiff anticipated a response to these Discovery Demands on or before December 2, 2016. Defense counsel was granted an extension of time to respond to Plaintiff's Discovery Demands [see D.E. 18] on December 28, 2016. On January 5, 2017, after Plaintiff sent Defendants a non-exhaustive letter detailing outstanding discovery (**Exhibit C**) due to Plaintiff, this Court issued an Order granting [D.E. 19] Defendants' application for a further extension of time to respond to discovery.

1

Shortly thereafter, Plaintiff received Defendant's responses to Plaintiff's Document Demands (**Exhibit D**) and Plaintiff's Interrogatories (**Exhibit E**) from Defendants; however, such responses did not identify documentation responsive to Plaintiff's individual Discovery Demands, were incomplete, and contained inappropriate objections to for requests to, *inter alia*, Defendant personnel documentation and prior complaints of excessive force.

On or about February 3, 2017, Plaintiff sent defense counsel a detailed letter (**Exhibit F** – enclosed without attachment) objecting to Defendants' inability or refusal of Defendants to provide full and adequate responses to Plaintiff's First Set of Document Demands and Plaintiff's First Set of Interrogatories. (**Exhibit A** and **B**). Both parties scheduled February 14, 2017 to meet and confer. As a result of that meeting, some but not all documentation responsive to Plaintiff's requests were secured at a later date. A final letter was sent to Defendants on March 7, 2017 (**Exhibit G**  – enclosed without attachment) to secure outstanding discovery. Notably, in response to Plaintiff's March 7, 2017 letter, Plaintiff received some but not all of the police memorandum book pages last week that helped identify one of the John Doe police officers that, *inter alia*, assaulted Plaintiff when Plaintiff was handcuffed. This, however, was received at the midnight hour (and shortly before the statute of limitations is to run on Plaintiff's 1983 Excessive Force claim) before Plaintiff was to amend his complaint and after significant discussion with defense counsel. As discussed further below, Defendants' response to Plaintiff's Discovery Demands is, still, woefully inadequate after significant correspondence, phone conversations, meetings and court conferences.

Accordingly, Defendants failure to timely provide documentation and the failure to appropriately identify documentation provided to Plaintiff via bates stamp identification has prejudiced Plaintiff from proceeding with, *inter alia*, taking deposition testimony and naming the Jane and John Doe Defendants in this action. Accordingly, Plaintiff moves this Court pursuant to F.R.C.P. 37, for an Order compelling Defendants to produce for inspection and copying all items listed requested in Plaintiff's Discovery Demands and, specifically, those items listed below.

### Legal Argument

Over the past few months, Plaintiff has attempted to resolve discovery disputes without court intervention but, because of delays in the discovery process and court deadlines, Plaintiff must resort to making this request for relief. Despite this Court's strong instruction on February 21, 2017 wherein the parties were asked to work the items in dispute out, and having attempted to comply with the Court's Scheduling Order, because Defendants' piecemeal responses without identification do not adequately respond to Plaintiff's Demands, it is Plaintiff's position that they have waived their rights to assert objections to any of our requests. See Fed.R.Civ.P. 33(b)(2) and 34(b)(2).

2

Plaintiff complied with Your Honor's individual rules and practices and Local Civil Rule 37.3 prior to this request by having telephone conversations with opposing counsel over the past six months and providing opposing counsel with telephone calls, e-mail messages and several formal letters (**Exhibit C, F and G**) requesting full compliance with Plaintiff's Discovery Demands. The process of discovery has been obscured by the Defendants because of their failures to properly respond to Plaintiff's discovery requests. Pursuant to FRCP Rule 26(b), "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 26(b) has been generally construed to provide a great deal of latitude for discovery. *Harris v. Nelson*, 394 U.S. 286, 297, 89 S.Ct. 1082, 1089 (1969); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 391 (1947).

An extreme number of hours have been expended by this office in evaluating Defendants' responses, received piecemeal and without identification. Plaintiff's counsel met with Plaintiff and spent a great deal of hours together to discovery that not only was there discovery outstanding but the memorandum book pages that identify one of the John Doe obviously involved with this incident was not provided until days before this letter application. Clearly, what occurred in the Defendants addressing Plaintiff's demands, is not what was expected. While counsel understands there may be circumstances outside the county attorney's control, still, there is simply no excuse or rationale for Defendants to not properly identify documentation responsive to Plaintiff's demands and fully comply with Plaintiff's reasonable and specific requests

In light of the above, Plaintiff now moves the Court for the Court's exercise of authority against Defendants for their continued refusal to comply with the Court's instruction(s) as well as Defendants most obvious failure to comply with FRCP Rule 26. FRCP Rule 37, allows the Court to compel a Party to comply with its discovery obligations, if the Party fails to make disclosure as required by Rule 26. See FRCP Rule 37(a). In addition, FRCP Rule 37 allows the Court to impose sanctions on a Party for failing to comply with a Court's Order regarding discovery. See, FRCP Rule 37(b). "A district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices." *Communispond. Inc v. Kelley*, 1998 WL473951 (SDNY 1998); citing *Friends of Animals Inc. v. U.S. Surgical Corp.*, 131 F3d 332, 334 (2nd Cir. 1997). Sanctions under Rule 37 are intended 'to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* citing, *Selby v. Arms*, 1995 WL 753894 (SDNY 1995). Further, "a [p]arty that without substantial justification fails to disclose information required by Rule 26 shall not, unless such failure in harmless, be permitted to use as evidence at trial ... any information or witness not so disclosed" *Communispond*, supra, citing FRCP, Rule 37.

Given the above facts, the Defendants cannot provide a justification for their failures, nor can the Defendants dispute the fact that Plaintiff was prejudiced by their

3

failures. *Id.* Plaintiff spent a great deal of time sifting through incomplete demands, piecemeal productions, letters/reports without attachment(s) and inadequate responses to which there is little explanation. Indeed, should Defendants come forward with material responsive to Plaintiff's Discovery Demands within the next two weeks, the incident giving rise to Plaintiff's claim will become three (3) years old on April 2, 2017 and, therefore, such materials will likely be untimely for Plaintiff to appropriately amend his complaint to add other claims or defendants.

Plaintiff respectfully relies on the Court for an appropriate sanction for the Defendants' obvious failure to, *inter alia*, identify documentation responsive to Plaintiff's Discovery Demands. Plaintiff respectfully requests that the Court extend the discovery schedule to allow only Plaintiff to obtain discovery and compel the County Defendants to comply with discovery by a date certain. In either event, Plaintiff submits that the County Defendants should be required to pay reasonable expenses and fees (Rule 37(c)(1)) related to Plaintiff's exhaustive attempts to obtain the County Defendants compliance to date. See, *Communispond*, supra, citing FRCP, Rule 37; see also *New York v. Solvent Chemical Co.*, Inc., 210 F.R.D. 462 (W.D,N,Y, 2002).

The Federal Rules of Civil Procedure states that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FRCP, Rule 37(5)(A). Plaintiff expended a great deal of time evaluating the piecemeal responses provided by Defendants to Plaintiff's demands, which counsel combined in a binder in some cognizable order, to discover that documentation clearly relevant and discoverable simply has not been provided to Plaintiff. Accordingly, Plaintiff respectfully requests an Order compensating counsel for the time expending in making this request for relief and the time expended reviewing inadequate and incomplete responses which became necessary to make this request for relief.

### Plaintiff's Document Demands

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 1.

Provide true and accurate copies of all documents that were used to support and/or create Defendants' Initial Disclosures. Provide this documentation in both a paper format and a searchable electronic format.

### Response

1) Previously produced.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 2.

Provide any and all DOCUMENTS, correspondence, and memoranda utilized by DEFENDANTS COUNTY and SCPD in determining whether to file any criminal charges again Plaintiff Michael McDevitt, Michael Salamone, Debra Debek, Finchum Mary and/or Brittany Barton.

### Response

2) Objection on grounds of irrelevance and overbreadth. Defendants have already produced the Internal Affairs investigation relating to the above referenced matter, the related file from the Central Records Section of the Police Department and the CD audio files of the relevant 911 calls and sector police communications.

Plaintiff is has not been provided, *inter alia*, memorandum books, GPS data, use of force reports, injured person(s) reports, etc. of all the officers at the incident in question, and Plaintiff is without further documentation (including but not limited to memorandum books) as to the officers that arrived after the arrest of Michael Salamone, Plaintiff Michael McDevitt and Brittany Barton, and without documentation as to the phone call mentioned by non-party witness Wayne Schneider who claims to have called the police prior to removing the door at 7 Hornleaf Ln, Holbrook, NY 11741. Additionally, Plaintiff has reason to believe that officers may have inadvertently directed to 7 Hornleaf Lane in *Holtsville* and, upon discovery of the error, later arrived at 7 Hornleaf Ln, Holbrook, NY 1171 on April 2, 2014 to respond to the incident in question. In this regard, see *infra*, Plaintiff anticipated the receipt of, *inter alia*, voided and/or other phone calls/central complaint numbers and GPS reports of the officer vehicles involved in the incident involving Plaintiff on April 2, 2014 at 7 Hornleaf Ln, Holbrook, NY 11741.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 3.

Provide any and all DOCUMENTS, correspondence, and memoranda responsive to the interrogatories served upon Defendants in tandem with the instant document demands.

### Response

3) If relevant and not previously produced, will be provided.

Plaintiff simply does not know if any such documentation has been provided. See **Exhibit F** (February 3, 2017 letter making the same clear to defense counsel).

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 4.

Provide any and all DOCUMENTS, correspondence, and memoranda utilized by DEFENDANTS COUNTY and SCPD in determining whether to file any criminal charges

again Plaintiff Michael McDevitt, Michael Salamone (2014SU013030) and/or Brittany Barton (2014SU013032).

**Response**

4) Objection on grounds of irrelevance and overbreadth.

Defendant did not provide any documentation/notes/orders/rules/review(s) by supervisors of which Plaintiff anticipated in response to Discovery Demand No. 4. This documentation is clearly relevant as Plaintiff alleges, *inter alia,* being falsely arrested, maliciously prosecuted and subjected to excessive force by Defendants. Indeed, Defendant Tarquinio is found smiling after beating, handcuffing and arresting the Plaintiff. It is unknown why the charges were what they were (Felonious Assault) especially in light of the fact that Brittany Barton appeared to be the complainant that called SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT to inform these entities that someone (Wayne Schneider) was breaking the door down to her apartment. Scared, Brittany Barton also called Plaintiff Michael McDevitt and her boyfriend at the time, Michael Salamone, all of whom were arrested as opposed to the person who tore down the door, thus creating the disturbance, that separated two living spaces at 7 Hornleaf Ln, Holbrook, NY 11741.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 5.

Provide true and complete copies of any and all COMMUNICATIONS, memoranda, letters, logs, journals, e-mails, social media postings, and text or instant messages by and between the Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER GLENN TORQUINIO, in his individual and official capacities, and SUFFOLK COUNTY POLICE OFFICER "JOHN AND JANE DOES 1-10," and concerning Michael McDevitt, Michael Salamone, Debra Debek, Suffolk County Police Officer Edwin Hugh # 5744, Finchum Mary and/or Brittany Barton including but not limited to any discussion of contact between the defendants and civilians in relation to the functions of their job.

**Response**

5) Objection on grounds of irrelevance and overbreadth.

Plaintiff anticipated electronic messages, including but not limited to text messages and social media photographs and/or discussion. Defendants simply failed to produce any electronically stored information or communication (written or electronic) exchanged between Defendants in regards to Plaintiff's complaint. This request is not irrelevant as it directly relates to the allegations in Plaintiff's complaint and this request is narrowly drawn

to communications concerning Michael McDevitt, Michael Salamone, Debra Debek, Suffolk County Police Officer Edwin Hugh # 5744, Finchum Mary and/or Brittany Barton.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 6.

Provide any and all DOCUMENTS, correspondence, and memoranda which ALL DEFENDANTS intend to use to support the Affirmative Defenses in this matter.

### Response

6) Previously produced subject to receipt of files unsealed from the District Court. If any exist, will be provided.

While it may be that such documentation responsive to this demand beyond documentation provided by Defendants as received from the district court does not exist, Defendants have not provided affirmation as to the existence or non-existence of any other documentation responsive to this demand. Further, Defendants do not identify such documentation by bates stamp or any other discernable means of identification.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 7.

Provide any and all statements written or electronically recorded, taken of the Plaintiffs, Defendants, Co-Defendants and witnesses (including but not limited to Michael McDevitt, Michael Salamone, Debra Debek, Finchum Mary and/or Brittany Barton) to this action.

### Response

7) Previously produced. Additional audio recordings, if any, will be produced when received.

Upon information and belief, electronic and written statements, including but not limited to Suffolk County Police Department memorandum books remain outstanding. While documentation responsive to this demand has been produced to Plaintiff, Plaintiff is unsure what records are outstanding, if anything.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 8.

Produce any and all statements, unsigned or signed, oral or written, including tape-recorded and video-taped statements, of every person with knowledge of the events and allegations in the Complaint.

### Response

8) Objection on grounds of irrelevance and overbreadth.

7

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 8.

Produce any and all statements, unsigned or signed, oral or written, including tape-recorded and video-taped statements, of every person with knowledge of the events and allegations in the Complaint.

### Response

8) Objection on grounds of irrelevance and overbreadth.

Upon information and belief, electronic and written statements, including but not limited to Suffolk County Police Department memorandum books remain outstanding. Defendants simply failed to produce any electronically stored information or communication (written or electronic) exchanged between or provided to Defendants in regards to this discovery demand and Plaintiff's complaint. While it may be that such documentation does not exist, Defendants have not provided affirmation as to the existence or non-existence of documentation responsive to this demand.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 9.

Including Plaintiff Michael McDevitt's medical records, if Defendants or any agent, employee or assign of Defendants, has possession or control of any file which contains information about Plaintiff provide a true and complete copy of all documents in such file(s). Provide this documentation in both a paper format and a searchable electronic format.

### Response

9) To be provided.


Plaintiff does not believe that Defendant responded to this demand – Plaintiff forms this belief because Plaintiff has not, as an example, received documentation responsive to the HIPPA releases that Plaintiff provided Defendant at the onset of this litigation. Such documentation would postdate the date on the HIPPA release. Plaintiff is not in receipt of such documentation. If any such documentation responsive to Document Demand No. 9 was provided to Plaintiff, it was not identified as documentation responsive to Plaintiff's Document Demand No. 9.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 10.

Produce any and all statements, unsigned or signed, oral or written, including tape-recorded and video-taped statements, of every person with knowledge of the events and allegations in the Complaint.

### Response

10) Objection on grounds of irrelevance and overbreadth.

Upon information and belief, electronic and written statements, including but not limited to Suffolk County Police Department memorandum books remain outstanding. Defendants simply failed to produce and identify any electronically stored information or communication (written or electronic) exchanged between Defendants in regards to Plaintiff's Document Demand No 10.  While it may be that such documentation overlaps with other discovery demands or simply does not exist, Defendants have not provided affirmation as to the existence or non-existence of documentation responsive to this demand.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 11.

Produce any and all organizational charts, personnel charts, descriptions, lists, tables, flow charts, or other similar documents in the possession of Defendants that show the identities, titles, or responsibilities of each person responsible in any manner for personnel, recruitment, hiring, selection, training, disciplining, demoting and/or terminating.

**Response**

11) Objection on grounds of irrelevance and overbreadth.

Plaintiff anticipated receipt of, *inter alia*, chain of command charts, personnel charts (i.e. who was working that day), descriptions of who was assigned to each car and photographs of individual officers (for identification purposes) who responded to 7 Hornleaf Lane, Holbook, New York on April 2, 2014.  Defendants simply failed to produce any electronically stored information or communication (written or electronic) exchanged between Defendants in regards to Plaintiff's Document Demand No. 11.  While it may be that such documentation does not exist, Defendants have not provided affirmation as to the existence or non-existence of documentation responsive to this demand.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 12.

Produce any and all complaints (in any form by any person or entity) involving the use of force, failure to call emergency medical services, the cancelling of medical services, false arrest, malicious prosecution and/or abuse of process lodged against SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER GLENN TORQUINIO and/or SUFFOLK COUNTY POLICE OFFICER "JOHN AND JANE DOES 1-10" that were present, involved and/or responsive to the incidents occurring on or about April 2, 2014 concerning Michael McDevitt.

**Response**

12) Objection on grounds of New York Civil Rights Law §50-a, irrelevance and overbreadth.

Plaintiff anticipated complaints responsive to all Defendants present that day and not limited to Defendant Tarquinio. This is relevant because, as alleged in Plaintiff's complaint, the indifference of the utilization of excessive force by Suffolk County/Suffolk County Police Department. Both parties entered into a stipulation of confidentiality making

9

the protection of New York Civil Rights Law § 50-a irrelevant and inapplicable. Such requests are narrowly tailored to the allegations in Plaintiff's complaint and are relevant to Plaintiff's claim that Suffolk County and the Suffolk County Police Department permitted a pattern and practice that its officers subjected citizens to excessive force, were indifferent to civilian complaints about such uses of force and would retaliate and subject such person(s) who were subjected to excessive force to further force and intimidation as evidenced by Alejandro Sanchez. Plaintiff respectfully requests that the Court Order the release of such documentation as Defendants should not be able to, on one hand, demand a stipulation of confidentiality and then, on the other, after execution of such stipulation, claim protection under New York Civil Rights Law.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 13.

Produce any and all DOCUMENTS exchanged between Plaintiff and Defendants.

**Response**

13) Objection on grounds of irrelevance and overbreadth.

Plaintiff anticipated the receipt of documentation produced by Plaintiff or exchanged with Defendants during the criminal proceedings against Plaintiff Michael McDevitt, his son Michael Salamone and his son's girlfriend at the time, Brittney Barton. Defendants simply failed to produce any electronically stored information or communication (written or electronic) exchanged between Defendants in regards to Plaintiff's complaint and Document Demand No. 13. While it may be that Plaintiff did not provide Defendants any documentation or vice-versa, Defendants have not provided affirmation as to the existence or non-existence of documentation responsive to this demand.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 14.

Provide any and all reports, memoranda, notes and other records of the observations and perception of each Defendant agent, assign and/or employee relative to any act or omission, event or incident described in or underlying the allegations of the complaint, or relating to any statement made by or attributed to Plaintiff, or relating to his mental, medical or physical condition, state or appearance, during the incident sued upon, including his movements and medical care, including but not limited to the following:

a.    Use of force reports;

b.    Supplemental and continuation reports;

c.    Evidence and property reports;

d.    Incident reports and records;

e.    Employee reports to supervisors or other higher authority within LONGWOOD [sic]

f.    Medical records;

g.    Police Reports;

h.      Any and all logs, including but not limited to police officer logs, regarding the June incident(s) complained of by Plaintiff.

**Response**

14) Objection on grounds of irrelevance and overbreadth. Arrest reports, incident reports, the prisoner activity log, subject resistance reports, photographs, injured employee reports, audio recordings have all previously been provided.

Defendants simply failed to produce any, *inter alia*, use of force reports, GPS reports, Medical Records (of both Defendant Tarquinio and Plaintiff), as well as supervisor reports/employee reports. Additionally, police officer memorandum books and certain Internal Unit Affair investigation attachments (see **Exhibit G**) exist, were to be produced by Defendants and remain outstanding. Lastly, as with all other responses to Plaintiff's Discovery Demands, Defendants fail to identify by bates stamp, or any other discernable identification, what documentation is responsive to Document Demand No. 14.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 15.

Provide any and all police reports, incident reports, hospital reports, use of force reports, internal affair bureau reports, charging depositions and/or any other SUFFOLK COUNTY generated report as a result of the incidents involving Michael McDevitt, Michael Salamone (2014SU013030) and/or Brittany Barton (2014SU013032).

**Response**

15) Previously provided as to plaintiff Michael McDevitt.

Defendants omitted any response as to Michael Salamone and Brittany Barton beyond some of the charging depositions regarding Michael Salamone and Brittany Barton. Plaintiff has not been provided, *inter alia*, memorandum books of all the officers at the incident in question, and Plaintiff is without further documentation (including but not limited to memorandum books) as to the officers that arrived after the arrest of Michael Salamone, Plaintiff Michael McDevitt and Brittany Barton, and without documentation as to the phone call mentioned by non-party witness Wayne Schneider who claims to have called the police prior to removing the door at 7 Hornleaf Ln, Holbrook, NY 11741. Additionally, Plaintiff has reason to believe that officers may have inadvertently directed to 7 Hornleaf Lane in *Holtsville* and later arrived at 7 Hornleaf Ln, Holbrook, NY 1171 on April 2, 2014 in regards to the incident in question. In this regard, see *infra*, Plaintiff anticipated the receipt of photographs, injury/use of force reports, witness statements and GPS reports of the officer vehicles involved in the incident involving Plaintiff on April 2, 2014 at 7 Hornleaf Ln, Holbrook, NY 11741.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 16.

Provide a copy of all training material, rules, orders procedures, guidelines, etc. used by DEFEDANTS COUNTY AND SCPD to train Police Officers regarding incidents involving use of force, use of restraint, utilization of medical services and communicating with emergency medical services.

11

**Response**

16) Relevant Rules and Procedures covering date of incident will be provided.

Plaintiff anticipated training material regarding emergency medical services, training materials including but not limited to logs, powerpoints, orders, updates, and guidelines regarding transport and when to call emergency medical services (specifically whether an officer should cancel an ambulance or transport an arrestee to the hospital), personnel records detailing training as well as use of force training materials. While Plaintiff is in receipt of several orders and rules, Plaintiff is unsure as to whether Defendant has provided a complete response to Discovery Demand No. 16 as the aforementioned remains outstanding. Plaintiff has reason to believe that there are use of force, use of restrain and communications rules, orders, training materials, procedures, etc. outstanding.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 17.

IDENTIFY and provide any and all DOCUMENTS that relate or pertain to any and all complaints filed with and/or pending against Defendants' (individually and collectively) use of force, harassment, citizen complaints, failure to call medical services, failure to provide medical services, failure to provide emergency medical services and/or excessive use of force. This request includes any and all DOCUMENTS submitted to and/or obtained from any and all entities.

**Response**

17) Objection on grounds of New York Civil Rights Law §50-a, irrelevance and overbreadth.

Plaintiff anticipated receiving complaints against all Suffolk County Police Department Officers responsive to 7 Hornleaf Lane, Holbrook, New York on April 2-3, 2014 in regards to use of force, failure to provide medical services and failure to perform their job duties because of Plaintiff's allegations that Defendants engaged in a pattern and practice of utilization of excessive and unnecessary force, condoning that use of force and engaging in retaliation and intimidation to those civilians who complained about the Defendants' use of excessive force. Both parties entered into a stipulation of confidentiality making the protection of New York Civil Rights Law § 50-a irrelevant and inapplicable. Plaintiff's requests are narrowly tailored to the allegations in Plaintiff's complaint and are relevant to Plaintiff's claim that Suffolk County and the Suffolk County Police Department permitted a pattern and practice of its officers subjected citizens to excessive force. Plaintiff respectfully requests that the Court Order the release of such documentation as Defendants should not be able to on one hand demand a stipulation of confidentiality and then, after execution of such stipulation, claim protection under New York Civil Rights Law.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 18.

Provide a copy of the memo book (electronic and/or paper) entries for April 2, 2014-April 3, 2014 by all DEFENDANT POLICE OFFICERS, all SUFFOLK COUNTY POLICE

DEPARTMENT officers, agents, staffs who responded to and/or were involved in any aspect the incident(s) involving Michael McDevitt, Michael Salamone, Debra Debek, Mary Finchum and/or Brittany Barton.

**Response**

18) To be provided as to plaintiff.

As mentioned many times above, several memorandum book pages are outstanding. See also **Exhibit G**.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 19.

IDENTIFY any and all DOCUMENTS which the Defendants intend to introduce into evidence at the time of trial.

**Response**

19) To be provided following the close of discovery.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 20.

Provide a copy of the all civilian complaints and the disciplinary records of SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER GLENN TORQUINIO, in his individual and official capacities, and SUFFOLK COUNTY POLICE OFFICER "JOHN AND JANE DOES 1-10," who responded to or were involved in any aspect of the April 2014 incident(s) involving Michael McDevitt, Michael Salamone, Debra Debek, Mary Finchum and/or Brittany Barton

**Response**

20) Objection on grounds of New York Civil Rights Law §50-a.

Plaintiff did not receive the disciplinary records of any of the Suffolk County Police Department officers responsive to 7 Hornleaf Lane, Holbrook, New York on April 2, 2014. Further, Plaintiff is unsure if Defendants fully complied with providing all civilian complaints responsive to Document Request No. 20. Both parties entered into a stipulation of confidentiality making the protection of New York Civil Rights Law § 50-a irrelevant and inapplicable. Such requests are narrowly tailored to the allegations in Plaintiff's complaint and are relevant to Plaintiff's claim that Suffolk County and the Suffolk County Police Department permitted a pattern and practice of its officers subjected citizens to excessive force. Plaintiff respectfully requests that the Court Order the release of such documentation as Defendants should not be able to on one hand demand a stipulation of confidentiality and then, after execution of such stipulation, claim protection under New York Civil Rights Law.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 21.

Provide a copy of SUFFOLK COUNTY POLICE OFFICER GLENN TORQUINIO arrest, internal charges and criminal charges, as a result of the April 2, 2014 assault of PLAINTIFF Michael McDevitt.

### Response

21) Objection.

Defendants' objection does not articulate the grounds of such objection and what, if any, documentation it has responsive to Plaintiff's Discovery Demand No. 21. Plaintiff anticipated that internal charges, an arrest or criminal charges would be forthcoming.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 22.

Provide a copy of the Certificate of Disposition of the criminal charges lodged against SUFFOLK COUNTY POLICE OFFICER GLENN TORQUINIO, in  his individual and official capacities, and/or SUFFOLK COUNTY POLICE OFFICER "JOHN AND JANE DOES 1-10," as a result of the assault PLAINTIFF Michael McDevitt.

### Response

22) Objection.

Defendants' objection does not articulate the grounds of such objection and what, if any, documentation it has responsive to Defendants Discovery Demand No. 22.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 23.

Provide any subject matter, data DOCUMENTS, and/or materials that an expert was retained to study, examine, analyze, or test RELATING TO the charges in the Complaint.

### Response

23) If any exist or Expert identified, materials will be provided.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 24.

Provide all subject matter, data, DOCUMENTS and/or material identified by any Expert that ANY Defendant intend to call at trial or confer with in relation to this matter.

### Response

24) If any exist or Expert identified, materials will be provided.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 25.

Provide the Curriculum Vitae of each expert that ANY Defendant intends to call at trial or confer with in relation to this matter.

14

**Response**

25) If any exist or Expert identified, materials will be provided.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 26.

Provide a copy of each book, paper, or article each expert identified in response to Document Request No. 24-26 on which Defendants intend to rely.

**Response**

26) If any exist or Expert identified, materials will be provided.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 27.

Provide a copy of any and all employment contracts, pay arrangements, or written agreements between ANY Defendant and each expert intended to be called as a witness during the trial or confer with in relation to the charges in the Complaint.

**Response**

27) If any exist or Expert identified, materials will be provided.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 28.

Produce any and all correspondence, notes, journals, logs, log books, diaries, tape recordings, video recordings, emails, instant messages, and other documents made by ANY Defendant and any other persons concerning the incidents and/or claims in this action.

**Response**

28) Objection on grounds of irrelevance and overbreadth. Defendants have produced the Internal Affairs investigation relating to the above referenced matter, the related file from the Central Records Section of the Police Department and the CD audio files of the relevant 911 calls and sector police communications. Additional materials will be provided when received.

Plaintiff anticipated receiving, *inter alia,* memorandum book pages, use of force reports, electronic mailings, electronic messages including but not limited text messages, phone records and non-party witness statements as a result of this demand. This demand remains outstanding (see **Exhibit E and F**) as defense counsel indicated he is still waiting to receive documentation response to certain Internal Affair Unit matters.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 29.

Produce any and all communications between the Plaintiffs and ANY Defendant, their agents and employees, including but not limited to written communications, oral communications, e-mails, tape recordings, and voice mails that pertain in any way to the allegations of the Complaint.

15

**Response**

29) Objection on grounds of irrelevance and overbreadth. Defendants have produced the Internal Affairs investigation relating to the above referenced matter, the related file from the Central Records Section of the Police Department and the CD audio files of the relevant 911 calls and sector police communications. Additional materials will be provided when received.

Plaintiff anticipated receipt of, *inter alia*, memorandum book pages, use of force reports, GPS reports and electronically store information. Plaintiff is unsure what additional material is outstanding and, as with other responses to Plaintiff's Discovery Demands, what documentation is responsive to this specific demand as Defendant failed to identify or demarcate the response to Document Demand No. 29 as such.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 30.

Provide copies of any and all DOCUMENTS, rules, regulations, policies and/or procedures implemented and in force in April 2014 by DEFENDANT SCPD regarding incidents that involve landlord tenant disputes and domestic disturbances including but not limited to the one that SUFFOLK COUNTY POLICE OFFICER GLENN TORQUINIO responded to on or about April 2, 2014.

**Response**

30) Relevant Rules and Procedures covering date of incident will be provided.

Plaintiff anticipated receipt of documentation responsive to what a Suffolk County Police Officer should do when there has been a constructive eviction and/or the landlord or purported landlord has physically altered the livable space of tenant/lease holder. While Plaintiff is in receipt of documentation that deals with domestic issues and landlord tenant disputes, Plaintiff is unsure if this is Defendant's complete response to Document Demand No. 30 as such documentation has not been identified as responsive to Plaintiff's Discovery Demand No. 30.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO.31

Provide any and all DOCUMENTS, including but not limited to the Police Records and District Attorney's file regarding Michael McDevitt, Michael Salamone (2014SU013030) and Brittany Barton (2014SU013032).

**Response**

31) Previously provided. Additional materials will be provided when received.

Plaintiff is not in receipt of the complete file as it relates to Michael Salamone (2014SU013030) and Brittany Barton (2014SU013032). Plaintiff believes that the District Attorney's file regarding Michael McDevitt, as well, remains outstanding. As with other documentation, Defendants' response to Plaintiff's Document Demand No. 30 remains outstanding (see **Exhibit F** and **G**) after several discussions with defense counsel.

## Interrogatory Requests

**INTERROGATORY NO.1.**

IDENTIFY each and every individual DEFENDANTS intend to call as witnesses in the trial of this matter. For each individual, set forth the name(s) address(es) and telephone numbers, and the anticipated subject of said individuals' testimony.

### Response

1. Upon information and belief, the following individuals may be called as witnesses in this matter: Police Officer Matthew Siesto, Police Officer Andrew DeRose, Police Officer Keith Liere, Debra Debek, and Wayne Schneider.

**INTERROGATORY NO. 2**

IDENTIFY each and every individual called upon to testify as witnesses regarding DEFENDANTS' involvement in the April 2-3, 2014 incident involving PLAINTIFF Michael McDevitt. For each individual, set for the name(s), address(es), telephone number(s).

### Response

2. Upon information and belief, the following individuals may be called as witnesses in this matter: Police Officer Matthew Siesto, Police Officer Andrew DeRose, Police Officer Keith Liere, Debra Debek, and Wayne Schneider.

**INTERROGATORY NO, 3**

List each and every individual employed by DEFENDANTS COUNTY AND/OR SCPD, who was involved in any way including but not limited to the investigations, witness interviews, production of reports and/or operated in a decision making capacity or contributed to such regarding whether to criminally charge any individual (including but not limited to Michael McDevitt, Michael Salamone and/or Brittany Barton) in relation to the April 2, 2014 incident at 7 Hornleaf Ln, Holbrook, NY 11741 involving the assault on PLAINTIFF Michael McDevitt. For each such individual, list his/her name, title, rank, to whom he/she reported, the manner in which such individual was involved, including but not limited to what his/her role was, and what duties or actions he/she carried out, and the date and time of such involvement.

### Response

3. By counsel defendant objects on the grounds that this interrogatory is vague and overbroad, notwithstanding the above-mentioned objections, the defendant answers as follows: Please refer to defendant's response to interrogatory number 2 and pursuant to Fed. R. Civ. P. 33(d), response is made by reference to the previously produced documents.

Plaintiff anticipated a list of individuals, a description of those individuals and their involvement in criminally charging anyone present at 7 Hornleaf Lane, Holbrook New York with a crime on April 2-3, 2014. Additionally, specifically, Plaintiff anticipated a reason as

to why Defendants handcuffed Wayne Schneider, the person that allegedly caused the disturbance at the above residence, and then released Wayne Schneider. Defendant fails to provide a meaningful response to this Interrogatory Demand as it is not vague and overbroad. Plaintiff asks for the identification of Defendants (Police Officers) involved in procuring specific arrests and what criteria was used by Defendants in making such an arrest. Plaintiff then asks for certain identifying information of those individuals. Even with the bulk of unidentified documentation provided by Defendant, it does not appear that Defendant provided a meaningful response to Plaintiff's Interrogatory Demand No. 3.

## INTERROGATORY NO. 4

IDENTIFY the criteria used in determining whether to bring criminal charges regarding the April 2, 2014 incident at 7 Hornleaf Ln, Holbrook, NY 11741 involving PLAINTIFF Michael McDevitt.

### Response

4. By counsel defendant objects on the grounds that this interrogatory is vague and overbroad, notwithstanding the above-mentioned objections, the defendant answers as follows: Defendant has personal knowledge of the plaintiffs actions on April 2, 2014 that provided probable cause to arrest.

Plaintiff anticipated a verified response to this Interrogatory Request. Defendants' response to this interrogatory is without merit as Plaintiff's Interrogatory Request No. 4 is very straightforward, not vague and narrowly confined to a date, person and location. Defendant's statement that he has personal knowledge must form the basis of his written response but cannot be the response, itself, to Interrogatory No. 4.

## INTERROGATORY NO. 5

IDENTIFY each and every individual know or claimed by DEFENDANTS to be a witness to the occurrence alleged in the Complaint in this action. For each individual, set for the name(s), address(es), telephone number(s).

### Response

5. Upon information and belief, the following individuals may be witnesses to relevant events alleged in the Complaint: Police Officer Glenn Tarquinio, Police Officer Matthew Siesto, Police Officer Andrew DeRose, Police Officer Keith Liere, Debra Debek, Wayne Schneider, Michael McDevitt, Brittany Barton and Michael Salamone.

Defendant provided an incomplete response to this Interrogatory. Plaintiff, specifically, anticipated a list of non-party witnesses present at the above residence on April 2, 2014, including but not limited to the off-duty police officer present t. As discussed above, Plaintiff came to discover the name of the individual, Alejandro Sanchez, just days ago as a memorandum book page identified Sanchez as the individual who, *inter alia*, transported Plaintiff to the hospital. Upon information and belief, other Police Officer

witnesses exist, including but not limited to a resident who identified himself as an off-duty police officer on April 2, 2014.

## INTERROGATORY NO. 6

IDENTIFY any and all statements written or electronically recorded, taken of the PLAINTIFF Michael McDevitt, Michael Salamone, Debra Debek, Mary Finchum, Brittany Barton and/or any witness to the events complained of by Michael McDevitt, CO-DEFENDANTS and their employees and/or DEFENDANTS to this action.

### Response

6. Pursuant to Fed. R. Civ. P. 33(d), response is made by reference to the previously produced documents.

Defendants did not respond to this Interrogatory but rather, as discussed above, point Plaintiff to a glut of documentation that bears no bates stamp identification and appears to be incomplete.

## INTERROGATORY NO. 7

IDENTIFY and describe any and all complaints against SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER GLENN TORQUINIO and/or SUFFOLK COUNTY POLICE OFFICER "JOHN AND JANE DOES 1-10," from April 2011 through the present involving the use of force/excessive use of force. For each complaint, set forth: (a) the name of person(s) against whom the claim was filed; (b) the court or tribunal in which the claim was made or Complaint filed; (c) the nature of the claim or lawsuit; (d) the injuries or damages claimed therein; and (e) the dates, identifying numbers, and resolutions of any such claim or lawsuit.

### Response

7. By counsel defendant objects on the grounds that this interrogatory is vague and overbroad, notwithstanding the above-mentioned objections, the defendant answers as follows: As to Police Officer Glenn Tarquinio, inquiry has been made regarding excessive force complaints within five years prior to date of incident. These materials, if any, will be provided to counsel upon receipt.

As per the above Interrogatory, Plaintiff anticipated that Defendants would provide other claims and lawsuits against the Suffolk County Police Officers present at 7 Hornleaf Lane, Holbrook, New York on April 2, 2014. Plaintiff's Interrogatory is specific and confined to the Suffolk County Police Department Officers who respnded to 7 Hornleaf Lane, Holbrook, New York on April 2, 2014. Defendants fail to respond to this Interrogatory albeit Defendants did provide documentation responsive to some of the other complaints against Police Officer Glenn Tarquinio. However, as discussed above, documentation responsive to this Interrogatory remains (see **Exhibit F** and **G**) outstanding.

**INTERROGATORY NO. 8:**

IDENTIFY and describe any and all complaints against SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER GLENN TORQUINIO and/or SUFFOLK COUNTY POLICE OFFICER "JOHN AND JANE DOES 1-10," from April 2011 through the present involving the failure to provide medical services, failure to provide emergency medical services and/or the cancelling of medical services. For each complaint, set forth: (a) the name of person(s) against whom the claim was filed; (b) the court or tribunal in which the claim was made or Complaint filed; (c) the nature of the claim or lawsuit; (d) the injuries or damages claimed therein; and (e) the dates, identifying numbers, and resolutions of any such claim or lawsuit.

**Response**

8. By counsel defendant objects on the grounds that this interrogatory is vague and overbroad, notwithstanding the above-mentioned objections, the defendant answers as follows: As to Police Officer Glenn Tarquinio, inquiry has been made regarding failure to provide medical services complaints within five years prior to date of incident. These materials, if any, will be provided to counsel upon receipt.

Defendants fail to respond to this Interrogatory albeit Defendants did provide documentation responsive to some of the other complaints against Police Officer Glenn Tarquinio. However, as discussed above, documentation responsive to this Interrogatory remains (see **Exhibit F** and **G**) outstanding.

**INTERROGATORY NO. 9**

IDENTIFY all DEFENDANT SCPD Police Officers, Medical Service providers and Emergency Medical Service Providers that responded to the scene at 7 Hornleaf Ln, Holbrook, NY 11741 or thereafter regarding the incident involving PLAINTIFF Michael McDevitt.

**Response**

9. Pursuant to Fed. R. Civ. P. 33(d), response is made by reference to the previously produced document response.

Plaintiff anticipated that Defendants would provide a list of names responsive to this demand or a denial that any such persons responded to 7 Hornleaf Lane, Holbrook, New York on April 2, 2014. Defendants do not provide any meaningful response nor is any response to this Interrogatory demand discernable in the documentation provided by Defendants.

**INTERROGATORY NO. 10**

IDENTIFY and describe the addresses and telephone numbers of each individual identified in Defendants Initial Disclosures, including the discoverable information relative to the instant matter, which said individual possesses.

**Response**

10. Pursuant to Fed. R. Civ. P. 33(d), response is made by reference to the previously produced document response.

## INTERROGATORY NO. 11

IDENTIFY and describe the policy/procedure/rules/guidelines/orders created by DEFENDANTS COUNTY and/or SCPD implemented prior to April 2014 regarding response, investigation, evaluation and determination of arrest, seizure, etc. involving domestic incidents and/or landlord/tenant incidents such as the one that occurred on or about April 2, 2014 at 7 Horn leaf Ln, Holbrook, NY 11741.

**Response**

11. Suffolk County Police Department Rules and Procedures relevant to this interrogatory from April 2014 will be provided to counsel.

Plaintiff's counsel, as stated above, is still unclear as to what documentation is responsive to this Interrogatory Demand and whether the response is a full and complete response.

## INTERROGATORY NO. 12

IDENTIFY and describe any and all training DEFENDANT SCPD provided its police officers prior to April, 2014 regarding response, investigation, evaluation and determination involving domestic incidents and/or landlord/tenant incidents such as the one that occurred involving Brittany Barton on or about April 2, 2014.

**Response**

12. By counsel defendant objects on the grounds that this interrogatory is vague and overbroad, notwithstanding the above-mentioned objections, the defendant answers as follows: Please refer to defendant's response to interrogatory number 11.

Defendants simply failed to respond to this Interrogatory request. Plaintiff has not received any training materials (or what appears to be training materials) from Defendants. Nonetheless, this Interrogatory called for a verified response by Defendant.

## INTERROGATORY NO. 13

IDENTIFY all documents provided to DEFENDANT SCPD by all CO-DEFENDANTS and witnesses regarding the incident involving PLAINITFF Michael McDevitt, Michael Salamone, Debra Debek and/or Brittany Barton.

**Response**

13. By counsel defendant objects on the grounds that this interrogatory is vague and overbroad, notwithstanding the above-mentioned objections, the defendant

answers as follows: Please refer to defendant's document response and previously produced documents.

Defendant failed to provide Plaintiff all witness names (including but not limited to Alejandro Sanchez and the unknown off-duty police officer) and documentation responsive to Interrogatory Request No. 13.

## INTERROGATORY NO. 14

List each and every individual Police Officer and/or employee of DEFENDANT COUNTY who was involved in any way with the investigation, evaluation and the outcome of the April 2, 2014 incident involving PLAINTIFF Michael McDevitt. For each such individual, list his/her name, title, rank, to whom he/she reported, the manner in which such individual was involved, including but not limited to what his/her role was, and what duties or actions he/she carried out, and the date and time of such involvement.

### Response

14. Upon information and belief, the following individuals were present and involved in the April 2, 2014 investigation: Police Officer Glenn Tarquinio, Police Officer Matthew Siesto, Police Officer Andrew DeRose, Police Officer Keith Liere. Additional information provided in previously produced document response.

Defendant did not provide Plaintiff the names of all individuals who were present at 7 Hornleaf Lane, Holbrook, New York on April 2, 2014. As discussed above, Defendants did not provide a full response to this Interrogatory request as Plaintiff just learned the name of John Doe Defendant, Alejandro Sanchez who, *inter alia*, is accused of assaulting the Plaintiff while handcuffed, intimidating the Plaintiff and denying medical care to the Plaintiff.

## INTERROGATORY NO. 15

IDENTIFY and describe any and all emergency (911) phone calls and/or complaints called in or filed at or concerning the location of 7 Hornleaf Ln, Holbrook, NY 11741 for the past five years. For each 911 phone call and/or complaint, set forth: (a) the name of person(s) against whom the claim was filed; (b) the court or tribunal in which the claim was made or Complaint filed; (c) the nature of the claim or lawsuit; (d) the injuries or damages claimed therein; and (e) the dates, identifying numbers, and resolutions of any such claim or lawsuit.

### Response

15. By counsel defendant objects on the grounds that this interrogatory is vague and overbroad, notwithstanding the above-mentioned objections, the defendant answers as follows: pursuant to Fed. R. Civ. P. 33(d), response is made by

reference to Suffolk County Police Department records previously provided regarding the April 2, 2014 911 calls to include audio CD.

Plaintiff has come to learn that certain emergency phone calls may have been documented as 7 Hornleaf Lane, *Holtsville*, New York on April 2, 2014 and, therefore, not provided to Plaintiff's counsel. As to April 2, 2014, Plaintiff's counsel is still unsure of whether the documentation provided by Defendants encompasses a full response to this demand. Further, Plaintiff has reason to believe that 911 phone calls may have been, whether willful or inadvertent, voided, combined, improperly attributed to a different address (Holtsville instead of Holbrook), misplaced, destroyed or no longer within the possession of the Defendants.

## Conclusion

For the reasons discussed above, Plaintiff respectfully requests an Order compelling the Defendants to respond to Plaintiff's Discovery Demands and an Order for all other relief that this Court deems just and proper. We thank the Court for its kind consideration.

Respectfully submitted,

CORY H. MORRIS

CM
Encl:

23