UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL W. MCDEVITT,

                Plaintiff,

                            **MEMORANDUM AND ORDER**

       -against-                          CV 16-4164 (JFB) (AKT)

SUFFOLK COUNTY, SUFFOLK COUNTY
POLICE DEPARTMENT, SUFFOLK COUNTY
POLICE OFFICER GLENN TARQUINION, in
his individual and official capacities, SUFFOLK
COUNTY POLICE OFFICER ALEJANDRO
SANCHEZ, in his individual and official capacities,
and SUFFOLK COUNTY POLICE OFFICERS
"JOHN and JANE DOES #1-10, in their individual
and official capacities,

                          Defendants.
-----------------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

       Plaintiff Michael McDevitt ("Plaintiff") commenced this Section 1983 action against the Suffolk County Police Department and several of its officers (collectively, "Defendants") for alleged violations of Plaintiff's civil rights. *See generally* Plaintiff's Amended Complaint ("Am. Compl.") [DE 25]. The issue presently before the Court concerns a cell-phone video recording of the events which forms the basis of Plaintiff's lawsuit. This cell-phone video is (or was) allegedly in the possession of a non-party, Brittany Barton ("Ms. Barton"). However, due to somewhat unusual circumstances Defendants have been unable to either obtain the video footage or depose Ms. Barton to date. Defendants now move this Court for (1) an Order of contempt against Ms. Barton; (2) an Order compelling Ms. Barton to search for and produce responsive

items and appear for a deposition, at her own expense; and (3) an Order directing Ms. Barton to reimburse the Defendants attorneys for fees and costs in having to write this motion. *See generally* Defendants' Memorandum of Law in support of the Motion for Contempt ("Defs.' Mem.") [DE 37-8]. Plaintiff opposes Defendants' motion. *See* Plaintiff's Opposition to Defendants' Motion ("Pl.'s Opp'n") [DE 41]. For the reasons which follow, Defendants' motion is GRANTED, in part, and DENIED, in part.

## II.    RELEVANT BACKGROUND

Plaintiff commenced this action with the filing of the initial Complaint on July 27, 2016. *See* DE 1. Shortly thereafter, Defendants field an Answer and the parties appeared before this Court for an Initial Conference on October 4, 2016. *See* DE 10, 12. Plaintiff subsequently moved to amend the Complaint, and Judge Bianco granted the motion. *See* DE 24, 25. On February 21, 2017, the parties appeared before this Court for a Discovery Status Conference. *See* DE 23. At that Conference, the Court set a Final Scheduling Order with a fact discovery cut-off of May 30, 2017. *Id.*

In March and April 2017, several discovery disputes arose between the parties. On March 24, 2017, Plaintiff moved to compel production of multiple discovery responses from the Defendants.[1] *See* DE 26. On April 3, 2017, Plaintiff moved for an Order compelling Defendants to continue Plaintiff's deposition – which Plaintiff's counsel claims was improperly and prematurely ended – and compelling the commencement of certain depositions of the Defendants, which Plaintiff's counsel claims were improperly postponed by Defendants' counsel. *See* DE 28. Both of these motions were opposed by Defendants. *See* DE 27, 29. With respect to the April 3, 2017 motion by Plaintiff's counsel to continue Plaintiff's deposition,

---

[1] The Court addresses that motion in a separate Order.

2

Defendants' counsel stated that the reason Plaintiff's deposition ended, and other depositions were postponed, was that during Plaintiff's deposition, Plaintiff revealed for the first time the existence of a video recording of the events underlying Plaintiff's allegations in this lawsuit. *See* DE 29.

The Court held a Telephone Status Conference to address Plaintiff's motion on April 18, 2017. At the Conference, the Court learned that Plaintiff's counsel was aware of the existence of the video recording of the key events forming the basis of this lawsuit, which was in the possession of an acquaintance of the Plaintiff, non-party Brittany Barton. The Court confirmed that Plaintiff's counsel failed to disclose this recording's existence to opposing counsel in Plaintiff's Initial Disclosures, as well as in his supplemental disclosures. In its colloquy with counsel, the Court examined the deposition transcript, and

> spent a lengthy period of time reviewing with [P]laintiff's counsel in particular the actions he undertook at [Plaintiff's] deposition and [the actions] he failed to undertake prior to that time. Counsel's actions (and inaction) were improper and raise ethical concerns with the Court. Counsel was cautioned that such conduct was unacceptable and would be met with further action of the Court if anything similar happened going forward.

April 18, 2017 Civil Conference Minute Order [DE 32]. The Court denied Plaintiff's motion regarding depositions of the Defendants. In addition, the Court stated the following: "[s]ince [D]efendants' counsel intends to take the deposition of non-party Britney Barton, [the Court] directed counsel to serve her with the subpoena by this Friday, April 21, 2017. Ms. Barton's deposition is to be completed no later than May 22, 2017." *Id.* The Court set in place an Amended Final Scheduling Order, with a fact discovery cut-off of June 30, 2017. *Id.*

On May 17, 2017, Defendants' counsel filed a letter informing the Court of the status of Defendants' efforts to obtain and preserve the video recording. *See* DE 33. Defendants' counsel

3

stated that he served Ms. Barton with a subpoena to produce the cell-phone video on April 20, 2017, to the Office of the Suffolk County Attorney on April 28, 2018. *Id*. Deputy County Attorney Wood stated that he received an email from Ms. Barton in which she stated that she was unable to appear on April 28, 2018 for a deposition, and that she was no longer in possession of any video recording because her phone had "crashed" in 2015. *Id.* Attorney Wood attempted to work with Ms. Barton's attorney (representing her in a related criminal matter) to schedule an alternative deposition date in compliance with the Court's directive that her deposition be completed by May 22, 2017. Both counsel agreed on a date of May 19, 2017. *Id*. However, on May 5, 2017, counsel for Ms. Barton emailed Defendants' counsel, stating that after speaking with his client, Ms. Barton was not available May 19, 2017, and offered May 23, 2017 as an alternative date. *Id*. Defendants' counsel informed counsel for Ms. Barton of the Court's May 22, 2017 deadline, and that Defendants would subpoena Ms. Barton's appearance for the previously-agreed to May 19, 2017 date. *Id*.

The County Attorney's Office attempted service of a second subpoena, for Ms. Barton's deposition testimony on May 8 and May 9, 2017, and finally completed service on May 12, 2017. DE 33. The return date was May 19, 2017. *Id*. Defendants' counsel further advised the Court that following service of the second subpoena, Ms. Barton had responded via email to him, stating that she had received the subpoena, but had a work conflict and was "only available on Tuesday's and/or Sundays." *Id*. Defendants' counsel informed the Court that "should Ms. Barton fail to appear pursuant to the subpoena, County defendants intend to seek appropriate sanctions against Ms. Barton including those under Rule 45 relating to her duty to respond and preclusion of any video or testimony related to this witness." *Id*.

4

Having received Attorney Woods' letter, the Court issued an Order on May 19, 2017 directing counsel to inform the Court if Ms. Barton did not appear that day for her deposition. *See* Electronic Order of May 19, 2017. On May 22, 2017, Defendants' counsel informed the Court that Ms. Barton did not appear for her May 19, 2017 deposition and counsel requested the opportunity to seek sanctions against Ms. Barton. *See* DE 34. The following day, the Court issued an Order stating that

> [i]n light of the history of this case, the prior discussions with the Court, and the Court's prior orders, the Court does not feel that it is necessary to wait for any opposition from Plaintiff's counsel regarding the issue. The parties are directed to meet and confer and provide the Court with a proposed briefing schedule for Defendants' motion to enforce the subpoena and for a finding of contempt against non-party Brittany Barton. . . . Plaintiff's counsel can include his opposition in his response to the motion papers. In light of the circumstances of this case, the Court is granting Defendants' request to defer the depositions referenced in their letter until this matter is resolved.

DE 35. Following submission of a proposed briefing schedule, *see* DE 36, the instant motion, Plaintiff's opposition, and Defendants' reply were filed on June 16, July 1, and July 7, 2017, respectively. *See* DE 37, 41, 44.

### III.   THE PARTIES' POSITIONS

#### A.   Defendants' Motion

Defendants' motion seeks (1) an Order of contempt against non-party witness Barton; (2) an Order compelling Barton to search for and produce responsive items and appear for a deposition, at her own expense; and (3) an Order directing Barton to reimburse Defendants attorneys' fees and costs with respect to the instant motion. *See generally* Defs.' Mem. According to Defendants, who provide the supporting affidavit of a Suffolk County Police Officer detailing the circumstances of the multiple service attempts made, "[n]on-party witness

5

Brittany Barton appears to have attempted to evade service of [two] subpoenas." *Id*. at 5; *see id*. at Ex. E [DE 37-7]. Defendants contend that service of the two subpoenas – one returnable April 28, 2017 for cell-phone video footage, and the second returnable May 19, 2017 for her deposition – was properly effected. Specifically, the first was made by delivery to an individual identifying herself as Mary Finchum, who stated she was Ms. Barton's "future mother-in-law." *Id.* at 5. The service was made at a residence where a vehicle registered to Ms. Barton was found. *See id*. Service of the second subpoena was effected, on the third attempt, by affixing a copy of the subpoena to the front door of the same residence, and simultaneously mailing a copy to Ms. Barton. *See id*. at 6. According to Defendants, Ms. Barton responded via email to Defendants' counsel following both instances of service. *See id*. at 6-7. Defendants contend that because service was properly effected and Ms. Barton has proffered no justification for her failure to appear, an Order of contempt, an Order compelling Ms. Barton's deposition and her search for responsive items, and a fee award against Ms. Barton for Defendants' fees in making the instant motion, are appropriate. *Id*. at 4-8.

### B. Plaintiff's Opposition

Plaintiff begins his opposition by arguing that Defendants failed to comply with the Court's April 18, 2017 Order in that Defendants failed to serve Barton with a deposition subpoena *and* a subpoena for the cell-phone video "by April 21, 2017." Pl.'s Opp'n. at 1-2. Plaintiff then argues that (1) he should not suffer sanctions in the form of a preclusion order because a non-party witness did not appear for her deposition;[2] (2) Defendants did not properly effect service of the two subpoenas, and therefore whatever relief Defendants seek should be denied; (3) Barton stated that the May 19, 2017 deposition date would cause her undue hardship

---

[2] It is not clear to the Court that Defendants are asking the Court for a preclusion order.

6

with respect to her work obligations, and therefore Defendants' motion should be denied; and (4) "[a]s defense counsel refused to respond to Ms. Barton's e-mail indicating she had work requirements," Defendants' motion should be denied. Pl.'s Opp'n. at 19; *see generally id.*

### C. Defendants' Reply

In reply, Defendants assert that their service of the subpoena for the video footage "by April 21, 2017" satisfied the Court's April 18, 2017 Order since Plaintiffs' counsel "indicated he would assist in scheduling Ms. Barton for her deposition. As such, defendants initially believed there was no need to subpoena her for a deposition." Defendants' Reply Memorandum ("Defs.' Reply") [DE 44] at 3. Defendants also take issue with Plaintiff's argument that: (1) Defendants' counsel should have requested an extension of the Court's Scheduling Order to accommodate Ms. Barton; (2) Defendants' counsel should have communicated directly with Ms. Barton via email to schedule an agreeable deposition date; (3) Defendants' counsel should have warned Ms. Barton of the seriousness of her failure to comply with the subpoena; and (4) Defendants are the ones who have failed to adequately preserve the cell-phone video footage in question. *See id* at 4-9.

### IV. DISCUSSION

#### A. Preliminary Issue: Compliance with Relevant Orders and Service

As an initial matter, the Court finds that Defendants have complied with the Court's April 18, 2017 Order with respect to the timing of service of the subpoenas on Ms. Barton. *See* DE 32. The Court agrees with Defendants' counsel that it was reasonable for Defendants' counsel to believe there was no need for a deposition subpoena since it was understood that Ms. Barton's deposition was to be taken by May 22, 2017 and Plaintiff's counsel would assist in getting her to appear for the deposition. *See* Defs.' Reply at 3. The Court finds counsel for

7

Defendants' interpretation of the Court's Order and his subsequent service of the subpoena for video footage, returnable April 28, 2017 -- in combination with his attempt to work out deposition dates with Plaintiff's counsel and Ms. Barton's counsel, *see* DE 33 -- were both reasonable and in compliance with the Court's April 18, 2017 Order.[3]  In the Court's view, Defendants' counsel has acted reasonably and diligently in attempting to schedule and perform the deposition of Ms. Barton as well as to obtain any cell-phone video evidence related to this case which to which Ms. Barton may have access.  This conclusion is consistent with the Court's Electronic Order of May 19, 2017, issued in response to counsel for Defendants' report on service and scheduling of Ms. Barton's deposition, in which the Court made clear its interest in making sure the deposition of Ms. Barton was conducted and any video footage was obtained expeditiously.[4]

Additionally, regarding service of the two subpoenas, the Court finds Defendants have properly effected service on Ms. Barton.  Federal Rule of Civil Procedure 45 states that

> [a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.

FED. R. CIV. P. 45(b)(1).  Exactly what the Rule means by "delivering a copy thereof" is not well settled, and "courts are split as to whether this provision requires personal service." *Sheet Metal*

---

[3]  The Court credits Defendants' argument to this effect -- that it was only after attempting to work with Plaintiff's counsel to schedule the deposition, and only after it became clear that an amicable date could not be scheduled by the Court's deadline, that Defendants concluded a deposition subpoena was necessary and one was served.  *See* Defs.' Reply at 3-4.

[4]  In that Order, the Court stated as follows: "The Court acknowledges receipt of counsel's May 17, 2017 letter. See DE 33. In the event that Ms. Barton does not appear for the May 19, 2017 deposition, counsel for the Suffolk County Defendants is directed to notify the Court." Electronic Order of May 19, 2017.

*Workers' National Pension Fund v. Rhb Installations, Inc.*, No. CV 12-2981, 2016 WL 128153, at *2 (E.D.N.Y. Jan. 12, 2016) (citing *Simmons v. Fervent Elec. Corp.*, No. 14-CV-1804, 2014 WL 4285762, at *1 (E.D.N.Y. Aug. 29, 2014); *Cadelrock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc.*, No. 09-CV-2507, 2010 WL 2346283, at *2-4 (E.D.N.Y. Apr. 21, 2010), *Report and Recommendation adopted by*, 2010 WL 2346276 (E.D.N.Y. June 8, 2010)).  However multiple courts, "including some within the Second Circuit, have held that service by mail may be appropriate." *Smith v. Benson*, No. 08-CV-0485, 2011 WL 839736, at *1 (W.D.N.Y. Mar. 7, 2011) (citing *Cordius Trust v. Kummerfeld,* 2000 WL 10268 (S.D.N.Y. 2000) (granting application for service of subpoena duces tecum upon third party witness by certified mail); *King v. Crown Plastering Corp.,* 170 F.R.D. 355 (E.D.N.Y.1997) (upholding service of subpoena by mail to third party witness's home); *Doe v. Hersemann,* 155 F.R.D. 630 (N.D. Ind. 1994); *First Nationwide Bank v. Shur,* 184 B.R. 640 (Bkrtcy. E.D.N.Y.1995)).  "The courts that have upheld service by mail have not found any requirement in the language of Rule 45(b)(1) that mandates personal service." *Smith*, 2011 WL 839736, at *1 (citing *Cordius Trust,* 2000 WL 10268, at *2; *King,* 170 F.R.D. at 356).

In the context of service of the two subpoenas on Ms. Barton, "[t]he Court agrees with those courts in the Second Circuit holding that Rule 45 requires only delivery which reasonably ensures actual receipt by a witness." *Metal Workers' National Pension Fund*, 2016 WL 128153, at *2.  As documented in the affidavit of Linda Passarella, *see* DE 37-7, and the affidavits of service submitted with both subpoenas, *see* DE 37-3, 37-4, the subpoena for video footage was served by delivery to an individual confirmed to know Ms. Barton, and the deposition subpoena was served by affixing a copy to the door at the same address only after previous attempts at personal service were made.  While the Court would be satisfied that Defendants properly

9

effected service of both subpoenas accordingly, there can be no doubt that Ms. Barton in fact received each subpoena, as she actually confirmed receipt of each in emails to Defendants' counsel. *See* DE 37-5, 37-6. The Court therefore rejects Plaintiff's arguments based on insufficiency of service and finds that service of both subpoenas was proper.

### B.  Contempt Under Rule 45

#### 1.  *Legal Principles*

"Although Rule 45(g) permits a court to hold a person in contempt for failure to obey a subpoena 'without adequate excuse,' 'courts in the Second Circuit have often held that . . . a court should first issue an order compelling compliance with the subpoena.'" *Kerr v. Thomas*, No. 14 CIV 9168, 2017 WL 485041, at *4 (S.D.N.Y. Feb. 3, 2017), *report and recommendation adopted sub nom. Kerr v. John Thomas Fin.*, 2017 WL 1609224 (S.D.N.Y. May 1, 2017) (quoting *In re Application of Kingdom of Morocco*, M8-85, 2009 WL 1059786 at *2 (S.D.N.Y. Apr. 16, 2009)); *see Sheet Metal Workers' Nat'l Pension Fund*, 2016 WL 128153 at *2 ("In civil litigation, it [is] rare for a court to use contempt sanctions without first ordering compliance with a subpoena." (alteration in original) (citing Advisory Committee Notes to 2013 Amendment to Fed. R. Civ. P. 45); *Deleon v. Pichardo*, No. 15 CV 9804, 2016 WL 7373965, at *2 (S.D.N.Y. Dec. 12, 2016) (same). The reason for this approach stems from the fact that "[a]n order of contempt leading to the impositions of sanctions is a drastic remedy." *Kerr v. Thomas*, 2017 WL 485041, at *4 (quoting *Sanchez v. Pathmark Stores, Inc.*, 04 Civ. 1159, 2009 WL 398103 at *1 (S.D.N.Y. Feb. 17, 2009) (internal quotation marks omitted)); *see Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d at 145 ("[A] contempt order is . . . a potent weapon, to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.") (internal quotation marks omitted)).

10

## *2. The Instant Motion*

Before determining the propriety of a contempt order in the context of the instant matter, the Court feels the need to reiterate its deep concern regarding the circumstances under which this discovery dispute has arisen. The arguments Plaintiff's counsel raises in opposition to this motion the Court finds especially disturbing given the Court's previous directives and its colloquy with Plaintiff's counsel at the April 18, 2017 conference. In particular, the Court highlights Plaintiff's arguments on page 15 of his Memorandum in Opposition, where counsel states that

> Plaintiff agrees that defense counsel should have an opportunity to depose Ms. Barton. Indeed, Plaintiff made clear that Brittany Barton witness[ed] and video-taped [ ] Defendant Glenn Tarquinio's actions in Plaintiff's Complaint, Amended Complaint and throughout both the criminal prosecution of Plaintiff in Suffolk County First District Court and the instant litigation. Defense counsel knew and should have known that Brittany Barton possessed relevant information when defense counsel submitted an answer on behalf of the Defendants [ ] at the outset of the litigation and, again, once Plaintiff's complaint was amended. Ms. Barton explained she was no longer in possession of information relevant to Plaintiff's case yet defense counsel obfuscates the record in claiming she simply did not comply with the subpoena for, inter alia, video evidence. Defense counsel's failure to obtain and preserve evidence from non-party witnesses cannot and should not serve to punish Plaintiff.

Pl.'s Opp'n. at 15. While this line of argument is problematic for a variety of reasons, the Court finds that the contention that it was Defendants' duty to preserve evidence the existence of which Plaintiff's counsel *failed to disclose* to Defendants as required by Rule 26 is indeed the most flawed assertion of all. The Court highlights this portion of Plaintiff's argument to underscore the obfuscation under which discovery in this case has unfortunately been forced to progress -- obfuscation not of Defendants' making. In the Court's view, a fact critical to the underpinnings of this dispute is that Ms. Barton is not a neutral, disinterested third-party, but rather an

11

acquaintance of Plaintiff. Indeed, one cannot help but question the conduct of Ms. Barton, either directly or indirectly, evading legal obligations to deprive Defendants of relevant and discoverable information. It also raises the question of what contact, if any, Plaintiff's counsel has had with Ms. Barton and how that impacts this case.

That being said, the Court is bound by the weight of case law in this Circuit holding that before an order of contempt should be entered for failure to comply with a subpoena, especially against a non-party, it is appropriate for the Court to direct compliance with the subpoena. The Court reaches this conclusion without determining whether Ms. Barton's communications to Defendants' counsel stating her difficulties in complying with the subpoenas constitute an "adequate excuse" under Second Circuit precedent. Therefore, at present, the Court defers ruling on that portion of Defendants' motion requesting an Order of contempt against Ms. Barton. However, the Court is entering an Order to Show Cause directed to Ms. Barton ordering her to appear before this Court and show cause why sanctions should not be imposed on her for failure to comply with a duly-served subpoena. That Order will be entered separately.

### C. Attorneys' Fees and Costs

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a discovery motion

> is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion.

FED. R. CIV. P. 37(a)(5)(A). Although Defendants ask the Court to order Ms. Barton to reimburse their reasonable attorneys' fees and costs in connection with the instant motion, the Court finds that an award of fees and costs is at this time premature. That issue is deferred to the Show Cause Hearing.

12

**D.     Preclusion Order**

It does not appear that Defendants are requesting that the Court issue an Order of Preclusion under Rule 37 with respect to the cell-phone video recording, and so the Court declines to address the issue further.

**V.     CONCLUSION**

For the foregoing reasons, Defendants' motion is GRANTED to the extent that the Court is setting a Show Cause Hearing commanding non-party Brittany Barton to appear before the Court to address her non-compliance with Defendants' subpoenas.  The Court DENIES Defendants' motion, without prejudice, to the extent that it defers ruling on the request for an order of contempt against Ms. Barton until a further date, if warranted.

**SO ORDERED.**

Dated:   Central Islip, New York
             March 30, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge