**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
MICHAEL W. McDEVITT,

                               Plaintiff,

                - against -

SUFFOLK COUNTY, SUFFOLK COUNTY
POLICE DEPARTMENT, GLENN
TORQUINIO, and SUFFOLK COUNTY
POLICE OFFICERS JOHN and
JANE DOES #1-10

                              Defendants.
------------------------------------------------------------X

                               **ORDER**

                       CV 16-04164 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiff moves to compel Defendants to further respond to Requests for Production of Documents and Interrogatories [DE 26] and Defendants have opposed the motion. DE 27. For the reasons set forth below, Plaintiff's motion is GRANTED, in part, and DENIED, in part.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

      Plaintiff brought this action against the Suffolk County defendants under 42 U.S.C. §§ 1983, 1985 and 1986, for alleged violations of his 4th, 5th and 14th Amendment rights. During the Initial Conference with the Court held pursuant to Fed. R. Civ. P. 26(f), the Court set a deadline of December 22, 2016 for the service of responses to first requests for production of documents and first requests for interrogatories. DE 13. This deadline was subsequently extended to January 4, 2017, *see* Electronic Order of December 28, 2016, and then to January 18, 2017. *See* January 5, 2017 Electronic Order. During the February 21, 2017 Discovery Status Conference, the Court set a deadline of March 24, 2017 for the parties to file any discovery

motions seeking Court intervention, if necessary, and a deadline of May 30, 2017 for the completion of fact discovery. DE 23.

## II. APPLICABLE LAW

### A. Fed. R. Civ. P. 26

Rule 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable ... if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'") (internal citation omitted); *Denim Habit, LLC v. NJC Boston, LLC*, No. 13 CV 6084, 2016 WL 2992124, at *3 (E.D.N.Y. May 23, 2016). Notably, although Rule 26 still permits a wide range of discovery based upon relevance and proportionality, the "provision authorizing the court ... to order discovery of any matter relevant to the subject matter involved in the action" has been eliminated. Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley*, 2015 WL 9413101, at *2 (internal citation omitted). The rationale behind the elimination of this phrase is that it "has been used by some, incorrectly, to define the scope of discovery." Rule 26 Advisory Committee Notes to 2015 Amendments. Thus, Rule 26(b)(1), as amended, although not fundamentally different in scope from the previous version "constitute[s] a reemphasis on the importance of proportionality in discovery but not a substantive change in the law." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 CIV 5088, 2016 WL 616386, at *13 (S.D.N.Y. Feb. 16, 2016); *see Robertson v. People Magazine*, No. 14 Civ. 6759, 2015 WL 9077111 at *2 (S.D.N.Y. Dec. 16, 2015) ("[T]he 2015 amendment [to Rule 26] does not create a new standard;

rather it serves to exhort judges to exercise their preexisting control over discovery more exactingly.").

Notwithstanding the foregoing principles, however, "[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Barbara v. MarineMax, Inc.*, No. 12 Civ. 368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013) (citing *Wells Fargo Bank, N.A. v. Konover*, No. 05 Civ. 1924, 2009 WL 585430, at *5 (D. Conn. Mar. 4, 2009)); *Evans v. Calise*, No. 92 Civ. 8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994) (citing *Abu–Nassar v. Elders Futures Inc.*, 1991 WL 45062, *15 (S.D.N.Y.); *Samuels v. Eleonora Beheer, B. V.*, 500 F. Supp. 1357, 1362 (S.D.N.Y. 1980), *aff'd sub nom. Beheer v. Samuels*, 661 F.2d 907 (2d Cir. 1981), *and aff'd sub nom. Samuels v. Beheer*, 661 F.2d 910 (2d Cir. 1981); *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir. 1981)). In general, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014); *Barbara*, 2013 WL 1952308, at *3 ("Courts afford broad discretion in magistrates' resolution of discovery disputes.") (collecting cases); *Coggins v. Cnty. of Nassau*, No. 07 Civ. 3624, 2014 WL 495646, at *2 (E.D.N.Y. Feb. 6, 2014) (citing *Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 391 (2d Cir. 1981); *AMW Materials Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 72 (E.D.N.Y. 2003)) (A district court has "broad discretion to determine whether an order should be entered protecting a party from disclosure of information claimed to be privileged or confidential."); *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016) ("[m]otions to compel are left to the court's sound discretion.");

*Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) (*In re Fitch, Inc*., 330 F.3d 104, 108 (2d Cir. 2003); *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

      **B.**    **Fed. R. Civ. P. 33**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, "a party may serve on any other party no more than 25 written interrogatories...." Fed. R. Civ. P. 33(a)(1); *see Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012). Interrogatories "may relate to any matter that may be inquired into under Rule 26(b) ... [and] is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact...." *Id*. 33(a)(2); *see Trueman v. New York State Canal Corp*., No. 1:09-CV-049, 2010 WL 681341, at *2 (N.D.N.Y. Feb. 24, 2010) ("Interrogatories, like other discovery devices, may inquire into any discoverable matter, including facts and contentions."). The general aim of this discovery device is to "expeditiously narrow the scope of the litigation, reduce the element of surprise, serve as admissions for trial, and in a significant matter avoid unnecessary discovery and minimize expense." *Trueman*, 2010 WL 681341, at *2. To that end, the responding party is required to answer each interrogatory "separately and fully under oath." Fed. R. Civ. P. 33(b)(3). Thus, the Rule explicitly requires the responding party to "provide the best answer they can based upon information within their possession." *Trueman*, 2010 WL 681341, at *2 (citing Fed. R. Civ. P. 33(b)(3)).

In order to ensure that each interrogatory is answered "separately" and "fully," *see* Fed. R. Civ. P. 33(b)(3), the responding party is required "to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories...." *Upstate Shredding, LLC v. Ne. Ferrous, Inc*., No. 312

4

CV 1015, 2016 WL 865299, at *8 (N.D.N.Y. Mar. 2, 2016); *see Zanowic v. Reno*, No. 97 Civ. 5292, 2000 WL 1376251, at *3 n.1 (S.D.N.Y. Sept. 25, 2000) (citing *Nat'l Fire Ins. Co. of Hartford v. Jose Trucking Corp.*, 264 F.R.D. 233, 239 (W.D.N.C. 2010)) ("In responding to interrogatories ... a party is under a duty to make a reasonable inquiry concerning the information sought in the interrogatories, and a party's failure to describe his efforts to obtain the information sought ... renders his responses insufficient."); *Braham v. Perelmuter*, No. 3:15 CV 1094, 2016 WL 1305118, at *3 (D. Conn. Apr. 1, 2016); *In re Auction Houses Antitrust Litig.*, 196 F.R.D. 444, 445 (S.D.N.Y. 2000) ("A party served with interrogatories is obliged to respond ... not only by providing the information it has, but also the information within its control or otherwise obtainable by it."). Where a party, despite conducting a diligent inquiry, is nevertheless unable to provide a responsive answer, any efforts utilized should be set forth in detail to ensure a sufficient response is interposed. *Id.*; *Zanowic*, 2000 WL 1376251, at *3 n.1 (collecting cases). Further, "an answer to an interrogatory must be completed within itself and, it should be in a form that may be used at trial ... [Therefore] [r]eference to depositions, other answers to the interrogatories, other document production, the complaint itself, or any other documents are improper and thus unresponsive." *Trueman*, 2010 WL 681341, at *3 (citing *Poulio v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) (noting that other courts have held that a party may not incorporate deposition testimony or rely upon future depositions in lieu of complete responses to interrogatories). In addition, "as new information comes into its possession, the responding party has a continuing duty to supplement their responses." *Trueman*, 2010 WL 681341, at *2 (citing Fed. R. Civ. P. 26(e)(1); Moore's Federal Practice § 33.106.).

Although a responding party is permitted to object to an interrogatory that it deems to be improper, the grounds for any such objection "must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see Pegoraro*, 281 F.R.D. at 128. It follows that "boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answer[ing] no interrogatories ... are a paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009); *Davidson*, 215 F.R.D. at 77 ("Generalized objections that a discovery request is burdensome without resort to specific reasons is similarly insufficient to justify a refusal to respond.") (quoting *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592–93 (W.D.N.Y. 1996)). In order to effectively resist providing a response to an interrogatory, a party must show "specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive ... by submitting affidavits or offering evidence revealing the nature of the burden." *Pegoraro*, 281 F.R.D. at 128–29 (quoting *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984)).

      C.     Fed. R. Civ. P. 34

Rule 34(a) of the Federal Rules of Civil Procedure delineates the type of items that a requesting party may "inspect, copy, test or sample" when such items are in the "responding party's possession, custody, or control [.]" Fed. R. Civ. P. 34(a). The overall scope of Rule 34 is broad and includes "information that is fixed in a tangible form and to information that is stored in a medium from which it can be retrieved and examined. At the same time, a Rule 34 request for production of 'documents' should be understood to encompass, and the response should include, electronically stored information...." Fed. R. Civ. P. 34 (Advisory Committee Notes to

6

2006 Amendments). Rule 34(b)(2)(E) governs the manner in which production of documents or electronically stored information ("ESI") must be made. The Rule states as follows:

> (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
>> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>>
>> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>>
>> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E). By it terms, Rule 34(b)(2)(E)(i) and (ii), concerning the production of documents or ESI respectively, permits the producing party, unless otherwise ordered by the Court, to choose which method to produce the items sought by the requesting party. Thus, "under the provisions of Rule 34(b)(2) a responding party clearly controls the manner in which production will occur, and specifically which of the two prescribed methods of production will be employed." *Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 334 (N.D.N.Y. 2008) (citing *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06–2318, 2007 WL 3010343, at *3 (D. Kan. Oct. 15, 2007)).

With regard to documents produced in accordance with Rule 34(b)(2)(E)(i), where a producing party elects to produce such documents as they are kept in the usual course of business, a party "must do more than merely represent to the court that the party complied with Rule 34(b)(2)(E)(i)." *Distefano v. Law Offices of Barbara H. Katsos, PC*, No. CV 11-2893,

7

2013 WL 1339536, at *5 (E.D.N.Y. Mar. 29, 2013). Instead, courts generally require the party to explain how its documents are organized in the ordinary course of business and what steps the party took to search and produce the documents. *Id.*; *see, e.g., Century Jets Aviation LLC v. Alchemist Jet Air LLC*, No. 08–CV–9892, 2011 WL 724734, at *3–4 (S.D.N.Y. Feb. 8, 2011); *Synventive Molding Solutions, Inc. v. Husky Injection Molding Sys., Inc.*, 262 F.R.D. 365, 371 n. 9 (D. Vt. 2009); *Pass & Seymour, Inc*. 255 F.R.D. at 333-38 (collecting cases). However, the "rule does not require the responding party to alter their record keeping to meet the movant's discovery categories." *Hill*, 2011 WL 4439445, at *5 (collecting cases). Further, "[t]he most obvious means of complying with the requirement of Rule 34(b) to produce documents as they are kept in the usual course of business is to permit the requesting party to inspect the documents where they are maintained, and in the manner in which they are organized by the producing party." *Pass & Seymour, Inc.*, 255 F.R.D. at 336.

### III. APPLICATION TO THE FACTS

The Court will first address several preliminary issues raised by the parties' papers. Defendants' counsel argues that the Court should reject Plaintiff's application since it exceeds the three-page limit applicable to letter motions. This Court however, previously informed the parties that discovery motions brought under Local Civil Rule 37.1 are exempt from the three-page limitation so that the movant can comply with Rule 37.1. DE 12 ¶ 10. The Court will note, however, that Plaintiff's counsel has not strictly complied with Rule 37.1. Counsel sets forth nearly four pages of factual and legal argument prior to his discussion of the individual discovery demands. This defeats the purpose of Rule 37.1, which requires that all arguments pertaining to a specific demand be set forth directly beneath opposing counsel's verbatim response to that demand. For purposes of this Order, the Court will only consider the arguments set forth in pages 4 through 23 of Plaintiff's motion.

Defendants' counsel also argues in his Opposition that opposing counsel never discussed a number of responses to which Plaintiff has objected in his motion. Counsel's failure in this regard constitutes a violation of Local Civil Rule 37.3, which requires parties to meet and confer in good faith in person or by telephone to resolve a dispute prior to seeking judicial intervention. A failure to comply with this Rule constitutes grounds for denying the motion.

Moreover, neither side has cited a single case in support of their respective positions.[1] The only reason the Court chooses to address the substance of this motion is the passage of time since the motion was filed and the procedural posture of this case. Counsel are hereby on notice that the Court will not accept future motions which fail to comply with the Federal Rules, the Local Civil Rules and this Court's Individual Rules.

The Court now turns to the merits of the parties' submissions.

### A.   Requests for Production

The Court notes, at the outset, that Defendants do little more than interpose boilerplate generalized objections. By way of example, counsel repeats "Objection on grounds of irrelevance and overbreadth" in response to a number of demands without setting forth, with particularity, why and how the documents sought are irrelevant or overbroad. *See Jacoby*, 254 F.R.D. at 478 ("boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answer[ing] no interrogatories . . . are a paradigm of discovery abuse"). Likewise, such boilerplate objections are no longer viable or acceptable as a result of the 2015 Amendments to the Federal Rules.

---

[1]   The Court notes that Plaintiff's counsel included citations to cases in pages 1-4 of the motion. However, this Court has rejected those pages for the reason set forth above. The legal arguments were to be particularized to each respective discovery response, not posed in the manner presented by Plaintiff.

9

Neither are requests using the overbroad language "any and all" when posing a document request or interrogatory. Virtually every request posed by Plaintiff's counsel here suffers from that very infirmity. For this occasion only, based on the length of time the motion has been pending, the Court will address the merits of each individual response and the objection of Plaintiff's counsel to that response in an effort to get discovery back on track. The Court issues the following rulings with respect to the document requests.

**(1)** No objection stated; no action.

**(2)** The Court considers this issue moot.

**(3)** Defendant's counsel is correct — the demand is far too broad and violates principles of proportionality. Likewise, this request suffers from the "any and all" infirmity. Based on the contents of Plaintiff's argument, it appears that counsel is well aware of the specific items he seeks. If so, the Court will permit him to file a supplemental demand for those items. The Court will not require Defendants to respond further to this demand as currently constituted.[2]

**(4)** Request for Production No. 4 appears to seek the same information as Request for Production No. 2. As such, the Court will not require Defendants to respond further. It also sounds to the Court that Plaintiff may be seeking information which may be covered by a privilege since a Plaintiff is generally not entitled to the thought processes of individuals in law-enforcement/District Attorneys as to why they did or did not bring charges.

**(5)** This request suffers from the same "any and all" infirmity. The Court will not require Defendants' counsel to respond further as to "Suffolk County" because the request makes no sense as to Suffolk County. Defendants' counsel is required however to respond to this request as to the Suffolk County Police Department and Police Officer Glenn Torquinio. By now, the Court believes that at least some of the "John Does" for whom this request is intended have been identified by virtue of the Defendants' production of the IAB Report and other related documents. To the extent that is the case, the Court will permit Plaintiff to serve a supplemental, narrowed request for the information sought as to any of those now named police officers. The Court will not require Defendants' counsel to provide a response as to anyone designated a "John Doe."

---

[2] Plaintiff is equally culpable here of failing to comply with the 2015 changes to the Federal Rules regarding discovery.

**(6)** Same infirmity as to "any and all." Likewise, this request is premature. To the extent Defendants have already produced responsive documents, the Court directs Defendants' counsel to identity them in a meaningful way.

**(7)** To the extent additional audio recordings responsive to this demand have become available, Defendants' counsel is directed to produce them.

**(8)** Same "any and all" infirmity. Generally, objections based on "relevance" are not proper except in limited circumstances. On the other hand, not every statement made about this case is relevant. To the extent any witness statements exist, Defendants' counsel is directed to produce them. Defendants' counsel responded that the memo book pages for all officers who appeared at the incident were being produced and the Court expects that this has been done.

**(9)** To the extent there are any medical records outstanding, counsel are to notify the Court.

**(10)** Request for Production No. 10 appears to be a duplicate of Request for Production No. 8. Therefore, the Court's ruling with regard to No. 8 is applicable here.

**(11)** Request is overbroad; "any and all infirmity." Interestingly, Plaintiff's argument as to the response by Defendants' counsel adequately tailors the request. As such, Defendants' counsel is directed to provide opposing counsel with the following: chain of command charts and personnel charts pertaining to the individuals who were involved in the incident; a list of which officers were assigned to the particular vehicles which appeared at the scene of the incident, and photographs of the individual officers who appeared at the incident (solely for identification purposes). *See Grief v. Nassau Cty.*, No. CV157240, 2017 WL 3588936, at *4 (E.D.N.Y. Aug. 18, 2017) (directing Defendants' counsel to turn over photograph of the defendant corrections officers "so that Plaintiff may confirm that he is proceeding against the proper Defendants").

**(12)** Defendants' counsel objects on grounds of irrelevance, overbreadth and New York Civil Rights Law § 50–a. This New York State statute does not apply here. In federal civil rights cases, issues of privilege are governed by federal law, not state law, and "[u]nder federal law, there is no confidentiality privilege afforded to police records as there is under New York Civil Rights Law § 50–a." *Smith v. Cnty. of Nassau*, No. CV 10-4874, 2013 WL 3893380, at *2 (E.D.N.Y. July 24, 2013) (citing *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988)). "In fact, 'in the context of a civil rights action asserted against police officers, no federal rule prohibits discovery of police personnel documents.'" *Smith v. Cnty. of Nassau*, No. 10-4874, 2013 WL 3893380, at *2 (E.D.N.Y. 2013) (quoting *McKenna v. Inc. Vill. of Northport*, CV 06 2895, 2007 WL 2071603, at *7 (E.D.N.Y. Jul. 13, 2007), *report and recommendation adopted* 2007 WL 2293237 (Aug. 3, 2007)). "However, 'the nonexistence of a federal law in this area does not give license for free and unfettered discovery of police personnel documents.'" *Dorsett v. Cnty. of Nassau*, 762 F. Supp. 2d 500, 531 (E.D.N.Y. 2011) (quoting *Cody v. N.Y.S. Div. of State Police*, No. CV 07-3735, 2008 WL 3252081, at *2 (E.D.N.Y. July 31, 2008)), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011), *aff'd sub*

*nom. Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). Rather, a court "must balance the interests favoring and opposing confidentiality in the discovery phase of the litigation." *King*, 121 F.R.D. at 187; *see Smith*, 2013 WL 3893380, at *2; *Dorsett*, 762 F. Supp. 2d at 531.

The Court overrules Defendants' counsel's "irrelevance" objection. The weight of authority in the Second Circuit favors disclosure of limited discovery of specific law enforcement defendants' disciplinary history in § 1983 actions. *See Gibbs v. City of New York*, No. CV-06-5112, 2008 WL 314358, at *1 (E.D.N.Y. Feb. 4, 2008) (collecting cases) ("[T]he prevailing practice in this court and other courts in the Second Circuit [is to]…limit discovery of a defendant's disciplinary history to complaints, whether substantiated or not, about conduct similar to the conduct alleged in the complaint.").

Defendants' counsel shall produce any disciplinary records for Police Officer Glenn Torquinio, for the five-year period preceding the date the original Complaint was filed in this case, where the complaints alleged involved excessive force, false arrest, abuse of process, malicious prosecution, and assault and battery. To the extent that any of the "John Doe" officers have now been identified, the Court will permit Plaintiff to serve a supplemental, narrowly tailored request for such information regarding those now named police officers who were actually involved in the incidents underlying the Amended Complaint and limited to the claims asserted individually against each individual officer. The Court expects that not every "John Doe" police officer is charged with the same complaints as Officer Torquinio. The Court will not require Defendants' counsel to provide a response as to anyone who remains designated a "John Doe."

**(13)** The Court will not require Defendants to produce documents here. To the extent documents were exchanged between Plaintiff and Defendants, Plaintiff is presumed to have copies of those materials and they are equally accessible to him.

**(14)** This request is so "packed" with run-on phrases that the import of the request is lost. The Court finds the request almost indecipherable and will not require Defendants' counsel to respond to it as currently constituted. Once again, based on the contents of Plaintiff's argument, it appears that counsel is well aware of the specific items he seeks. If so, the Court will permit him to file a supplemental demand for those items only.

**(15)** To the extent the information requested as to Michael Salamone and Brittany Barton exists, Defendants' counsel is directed to produce the same type of information as already produced for Michael McDevitt.

**(16)** The Court will not require Defendants' counsel to provide information than that contained in his response. Plaintiff's counsel is free to take up this issue at depositions.

**(17)** The Court finds that this issue is sufficiently addressed in its response to Request No. 12.

**(18)** The Court has sufficiently addressed this issue above.

**(19)**  No objection.

**(20)**  Although the Court finds no rationale for asserting this request separately, the Court directs Defendants' counsel to follow the directives given in No. 12.

**(21)**  "Objection" is insufficient and unacceptable; unless Defendants' counsel articulates the rationale here by the deadline given below, the Court will require full production.

**(22)**  "Objection" is insufficient and unacceptable.  To the extent such Certificate of Deposition exists as to Police Officer Torquinio regarding Plaintiff McDevitt, Defendants' counsel is directed to produce the document.  The Court will not require Defendants to respond as to any "John Does."

**(23)**  No objection.

**(24)**  No objection.

**(25)**  No objection.

**(26)**  No objection.

**(27)**  No objection.

**(28)**  Plaintiff's argument to a degree was premature at the time proffered given Defendants' response.  To the extent that Plaintiff has still not received the materials Defendants' counsel states will be provided, Defendants' counsel is to produce them or advise the Court why he is unable to do so.

**(29)**  The Court finds this request duplicative and refers counsel to the Court's prior rulings.

**(30)**  Plaintiff's argument to a degree was premature at the time proffered given Defendants' response.  To the extent that Plaintiff has still not received the materials Defendants' counsel states will be provided, Defendants' counsel is to produce them or advise the Court why he is unable to do so.

**(31)**  To the extent that Plaintiff has still not received the materials Defendants' counsel states will be provided, Defendants' counsel is to produce them or advise the Court why he is unable to do so.

### B.  The Interrogatory Responses

- No objections raised regarding response to Interrogatory No. 1 or 2;

- Interrogatory No. 3 is not only overly broad, it is far more than one interrogatory because it has discrete parts and, consequently, the interrogatory is improper as currently

13

constituted. Moreover, reasons why certain individuals may have undertaken certain acts call for a narrative response and are more properly pursued at depositions. The Court will require Defendants' counsel to supplement this Interrogatory response to provide the title and/or rank of the individuals named in Interrogatory No. 2 and the respective supervisors to whom these individuals reported. To the extent Defendants' counsel is relying on "reference to the previously produced documents," he must identify those specific documents in some fashion so that they are readily ascertainable. The Court will not require anything further and Plaintiff's counsel is free to take up his questions at depositions.

- Interrogatory No. 4 is more properly addressed at depositions.

- As to Interrogatory No. 5, Defendants' counsel shall provide the addresses and phone numbers (to the extent known) for any non-police officer witness named in Defendants' response. To the extent there were any other witnesses at the referenced residence, the parties should have this information by virtue of the incident reports filed with the Police Department. Defendants' counsel shall provide any additional information on such witnesses, including on-duty and off-duty police officers, as may have been gathered since the original response was made. Likewise, Plaintiffs' counsel can pursue questioning at depositions on this issue.

- Regarding Interrogatory No. 6, to the extent Defendants' counsel is relying on "reference to the previously produced documents," he must identify those specific documents in some fashion so that they are readily ascertainable.

- Interrogatory No. 7 has been addressed by the Court in the context of the document requests. To the extent that Plaintiff has still not received the materials Defendants' counsel states will be provided, Defendants' counsel is to produce them or advise the Court why he is unable to do so. Further, the Court will not require responses as to any "John Doe" defendants.

- Interrogatory No. 8 has been addressed by the Court in the context of the document requests. To the extent that Plaintiff has still not received the materials Defendants' counsel states will be provided, Defendants' counsel is to produce them or advise the Court why he is unable to do so. Further, the Court will not require responses as to any "John Doe" defendants.

- Interrogatory No. 9 is repetitive. To the extent that Plaintiff has still not received the materials Defendants' counsel states will be provided, Defendants' counsel is to produce them or advise the Court why he is unable to do so.

- As to Interrogatory No. 10, to the extent Defendants' counsel is relying on "reference to the previously produced documents," he must identify those specific documents in some fashion so that they are readily ascertainable.

- Regarding Interrogatory No. 11, to the extent that Plaintiff has still not received the materials Defendants' counsel states will be provided, Defendants' counsel is to produce them or advise the Court why he is unable to do so.

- As to Interrogatory No. 12, see the Court's ruling above as to Interrogatory No. 11.

- As to Interrogatory No. 13, to the extent Defendants' counsel is relying on "reference to the previously produced documents," he must identify those specific documents in some fashion so that they are readily ascertainable.

- As to Interrogatory No. 14, the Court finds this interrogatory duplicative and calls for certain narrative responses that are better posed at depositions. With regard to Defendants response, as to the portion where Defendants' counsel is relying on "reference to the previously produced documents," he must identify those specific documents in some fashion so that they are readily ascertainable.

- Concerning Interrogatory No. 15, the Court notes that Defendants' response addresses only April 2, 2014. Defendants' counsel is directed to provide the information Plaintiff has requested for the past five years. To the extent Defendants' take the position that there is no other information after a confirming search has been done, Defendants' counsel shall supplement this Interrogatory response with that information within 30 days.

Based on the foregoing findings, Plaintiff's motion to compel is GRANTED, in part, and DENIED, in part. To the extent the Court has directed Defendants to produce additional information, that production must be completed within 14 days of entry of this Order (except where a different time frame has been given by the Court). With regard to those requests for which the Court seeks further explanation from either side, those supplemental responses must also be made within 14 days of entry of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
March 30, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

15