**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
MICHAEL W. McDEVITT,

                      Plaintiff,

           - against -

SUFFOLK COUNTY, SUFFOLK COUNTY
POLICE DEPARTMENT, GLENN
TORQUINIO, and SUFFOLK COUNTY
POLICE OFFICERS JOHN and
JANE DOES #1-10,

                      Defendants.
------------------------------------------------------------X

**ORDER**

CV 16-4164 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

        The Court acknowledges receipt of Plaintiff's Motion to Compel [DE 52] and Defendants' Opposition [DE 57]. Plaintiff's motion states that on "May 10, 2018, Plaintiff wrote to Defendants that Defendants' response is incomplete, fails to comply with the FRCP and qualifies nearly every discovery response with 'upon information and belief, the defendant have produced all available….'" This communication does not constitute a good faith meet and confer under Local Civil Rule 37.3, which requires that the parties to a dispute meet "in person or by telephone." Moreover, counsel for Defendants represented in their Opposition that Plaintiff's counsel "did not attempt to meet and confer in good faith in this matter."

        A review of the motion to compel also reveals that it does not strictly comply with Local Civil Rule 37.1. Local Rule 37.1 states that

> Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail

> as to each request or response. Local Civil Rule 5.1 also applies to the motion or application.

Local Civil Rule 37.1; *see* Local Rule 5.1.  Therefore, to comply with these Rules, the movant must first list verbatim the document request or interrogatory which was served on opposing counsel, followed directly by opposing counsel's verbatim response to the individual request, followed immediately by the particularized objection(s) counsel is raising and the basis for the objections (i.e., why the response is objectionable, deficient, non-responsive, etc.).  Counsel is expected to refer to relevant case law to support his/her position/objection as to the respective discovery demand.  Counsel's case law and arguments are not to be relegated to a separate section where the Court has to keep referring back to ascertain the legal support for each objection.  For motions filed pursuant to Rule 37.1, the Court's general three-page limitation on letter motions is waived.

The Court is denying the application, without prejudice.  Counsel may refile his motion once the required good faith meet and confer is completed.

**SO ORDERED.**

Dated: Central Islip, New York
       June 5, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge