| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:  A. KATHLEEN TOMLINSON        DATE:  9-11-2018
         U.S. MAGISTRATE JUDGE              TIME:  3:00 p.m. (2 hrs. 27 mins.)

## *McDevitt v. Suffolk County, et al.*
### CV 16-4164 (JFB)(AKT)

TYPE OF CONFERENCE:        **DISCOVERY STATUS CONFERENCE**

APPEARANCES:   Plaintiff:      Cory H. Morris (with Mr. McDevitt)

               Defendants:     Kyle O. Wood

                               (Suffolk County Police Department)

                               (John and Jane Does # 1-10)

FTR: 3:00-5:27

**THE FOLLOWING RULINGS WERE MADE:**

The Court scheduled today's conference to address outstanding discovery disputes. The following is a summary of the rulings made. If counsel need a more amplified record, they may contact Courtroom Deputy Mary Ryan (631-712-5765) to arrange to order a transcript.

1. As to Plaintiff's Document Request No. 30, the Court directed Attorney Wood to provide a supplemental response setting forth a list of the "rules, regulations, policies and/or procedures" which were produced and the date/s of that production. Attorney Wood advised that the materials which were produced constitute all responsive policies that were in play on the date of the incident. The Court directed Attorney Wood to include in his supplemental response a statement to that effect.

2. The Court directed Attorney Wood to create an AVL report for each law enforcement vehicle that arrived on the scene.

3. Plaintiff's counsel apparently still wishes to pursue obtaining the criminal records of non-parties Brittany Barton and Michael Salamone. The Court reminded counsel of the previous discussion on this issue. If Plaintiff wants the records, it is up to him to obtain them. Counsel stated that he would like the District Attorney's files on the two non-parties. The Court advised that counsel would need to serve a subpoena for those records. It is not the obligation of the defendants to provide such records for non-parties.

4. The deposition notice Plaintiff's counsel served on Defendants does not constitute a proper Rule 30(b)(6) notice. Pursuant to the Rule, the notice must set forth with a degree of specificity the list of topics counsel intends to cover at the deposition. Opposing counsel will then designate the appropriate witnesses based on those topics. Plaintiff's counsel does not get to select the Defendants' Rule 30(b)(6) witness. A revised Rule 30(b)(6) notice must be served on Defendants before September 25, 2018. Defendants' counsel will then have

        until October 9, 2018 to object to the notice. The deposition itself must be completed by November 1, 2018.

5.     If Defendants intend to conduct an IME of Plaintiff, the examination must be completed by November 16, 2018.

6.     Plaintiff's counsel continues to assert that certain documents/information are being withheld. Following lengthy discussion on this topic as to various instances brought up Plaintiff's counsel, the Court finds no basis to require anything further from Defendants' counsel at this time. However, the Court told Plaintiff's counsel that once he has conducted the depositions which he intends to take, if he has a good faith basis, supported by a factual record, to seek further relief from the Court, he may do so, but must do so timely.

        This case is set down for a telephone status conference on October 23, 2018 at 2 p.m. Counsel for both sides are directed to utilize the following dial in information:

USA Toll-Free Number: (865) 590-5055  
Access Code: 9720458

                                            **SO ORDERED**

                                        /s/ A. Kathleen Tomlinson  
                                        A. KATHLEEN TOMLINSON  
                                        U.S. Magistrate Judge