2:16-cv-4164  GRB–AKT

# United States District Court

### *for the*

# Eastern District of New York

MICHAEL W. MCDEVITT,

*Plaintiff*

–v–

SUFFOLK COUNTY,
SUFFOLK COUNTY POLICE DEPARTMENT,
SUFFOLK COUNTY POLICE OFFICER GLENN TARQUINIO, in his
individual and official capacity,
SUFFOLK COUNTY POLICE OFFICER ALEJANDRO SANCHEZ, in his
individual and official capacity,

*Defendants*

# JOINT PRE-TRIAL ORDER

STACY A. SKORUPA
Assistant County Attorney
for the Suffolk County Attorney's
Office

H. Lee Dennison Building
100 Vets Mem. Highway
P.O. Box 6100
Hauppauge, New York
11788-0099
Stacy.skorupa@suffolkcountyny.gov

CORY H. MORRIS (CM 5225)
*Counsel of Record for Plaintiffs*
135 Pinelawn Rd, suite 250s
Melville, New York 11747
Phone: (631) 450–2515
Cory.H.Morris@protonmail.com

VICTOR JOHN YANNACONE, JR.
(VY6405)
*of counsel*
vyannacone@yannalaw.com

# JOINT PRE-TRIAL ORDER

**LAW OFFICES OF CORY H. MORRIS**
**CORY H. MORRIS**
***Attorney for Plaintiff***
135 Pinelawn Road, Suite 250s
Melville NY 11747
Telephone: (631) 450-2515
Fax: (631) 223-7377
E-mail: info@coryhmorris.com

**Stacy A. Skorupa, Assistant County Attorney**
for the Suffolk County Attorney's Office
***Attorney for Defendants***
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
(631) 853-4055
Fax: (631) 853-5169
Stacy.skorupa@suffolkcountyny.gov

## SUBJECT MATTER JURISDICTION

**Plaintiff States:**

The jurisdiction of this Court is invoked under 21 U.S.C. § 1331 and 28 U.S.C. § 1343. The exercise of pendant jurisdiction by this Court is appropriate in this matter with respect to Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Plaintiff submits that this Court maintains subject matter jurisdiction over Plaintiff's claims as outlined in the Complaint.

Defendants dispute that there is subject matter jurisdiction.

## Plaintiff's Claims; Generally

Plaintiff's constitutional rights were violated when Defendants' attacked and beat Plaintiff, subjected Plaintiff to a false arrest and prosecuted Plaintiff for injuring a Suffolk County Police Officer, Glenn Tarquinio, when it was Glenn Tarquinio that subjected Plaintiff to unlawful force, unlawful arrest and malicious prosecution.

Title 42 U.S.C. § 1983 provides "a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 923–924, 102 S.Ct. 2744, 2747 (1982). Title 42 U.S.C. § 1983 does not create substantive rights itself; "it provides a procedure for redress for the deprivation of rights established elsewhere." *City of Oklahoma City* v. Tuttle, 471 U.S. 808, 816, 105 S.Ct. 2427, 2432 (1985); see *Baker* v. *McCollan*, 443 U.S. 137, 140, 144, n. 3, 99 S.Ct. 2689, 2692, 2694, n. 3, 61 L.Ed.2d 433 (1979); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993); *Cespedes v. Coughlin*, 956 F.Supp. 454, 464 (S.D.N.Y. 1997). "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Colon* v. *Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Wright* v. *Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt* v. *Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).

## Plaintiff's Claims; Underlying Constitutional Violations under the Fourth Amendment

Excessive force may violate the Fourth Amendment, the Fifth Amendment, or the Fourteenth Amendment depending on how and to what ends the excessive force is used. *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989); *Kingsley v. Hendrickson*, 135 S.Ct.

2466, 2473, 192 L.Ed.2d 416 (2015). The Supreme Court held that the Fourth Amendment protection against unreasonable seizure applies to an arrestee's pretrial detention that continues even after the issuance of legal process, such as a judicial determination of probable cause. *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017).

The Fourth Amendment, in part, reads "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated..." U.S. Const. amend. IV. The Fifth Amendment's due process clause reads "[n]o person shall ... be deprived of life, liberty, or property, without due process of law..." U.S. Const. amend. V.

The Fourteenth Amendment provides "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

The Court should consider the following on whether the force utilized by Defendants was reasonable:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the office; and whether the plaintiff was actively resisting.

*Kingsley* v. *Hendrickson*, 135 S.Ct. 2466, 2473, 192 L.Ed.2d 416 (2015) (external quotation marks omitted); see *Graham* v. *Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 1871 (1989).

This is not an exhaustive list. Each factor may not be necessary to prove excessive force was utilized by the Defendants.

**Plaintiff's Claims;** *Monell Liability*

Plaintiff Michael McDevitt alleges Suffolk County Police Department ("SCPD"), Suffolk County Police Officers and Suffolk County, its agents and employees, engaged in a pattern and practice of using excessive force, illegal arrest and malicious prosecution.  Plaintiff Michael McDevitt alleges that Suffolk County Police Officers would engage in regular constitutional violations as per Plaintiff's Amended Complaint best evidenced by the chief policymaker at the time of Plaintiff's false arrest and malicious prosecution, James Burke.

Plaintiff's amended complaint contains allegations of excessive force and Monell liability, alleging "Prior to April 2, 2014 and since, Defendants have permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, abuse of authority, beatings, and summary punishment by Police Officers of the SCPD, New York." D.E. 25 ¶ 138. Additionally, the amended complaint alleges that beatings, false detainments, abuse of authority, illegal use of force, summary punishment, and use of firearms were improper, but the Suffolk County police officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings, use of force, and uses of firearms and threats of deadly force were justified and proper. *Id.* at ¶ 139. Further, the amended complaint alleges "[r]eports of unwarranted deadly force, unmerited use of a deadly weapon and the unprovoked drawing of a firearm against a civilian are disregarded in favor of police irrespective of the allegations of witness testimony." *Id.* at ¶ 144(g).

Plaintiff submits that Glenn Tarquinio and other SCPD officers, agents and employees were engaged in regular abuse as evidenced by the chief policy maker's (at the time) tolerance and the coverup of such abuses. Glenn Tarquinio and other SCPD knew and had

reason to know that the illegal use of force, illegal arrest(s) and malicious prosecution(s) would be tolerated from the head of the Suffolk County Police Department on down, without question and, sometimes, endorsement and participation.

In the following paragraphs of Plaintiff's amended complaint, in no uncertain terms, it states that supervisors tolerated, cover-up and failed to investigate complaints of excessive force, *id.* at ¶¶ 140–146, that "caused the Defendant Officers to believe that brutality, illegal arrests, the filing of false criminal process and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable." *Id.* at ¶ 145. Plaintiff will provide the underlying violation and the failures of the SCPD from the former police chief down to Glenn Tarquinio and Officer Sanchez.

SCPD and Suffolk County are liable for the policies of constitutional violations, the pattern and practice, custom, trade and/or usage of excessive force, cover-up, false arrest and malicious prosecution as described in Plaintiff's Amended Complaint.

Title 42 U.S.C. § 1983 reads

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

*Id.* (external quotation marks omitted).

The use of "person" in the statute is intended to include municipalities and other local government units. *Monell* v.

*Department of Social Services of City of New York*, 436, U.S. 658, 690, 98 S.Ct. 2018, 2035.  Municipalities are not entitled to absolute immunity.  *Id.* at 701. The first inquiry into municipal liability arising out of a § 1983 claim is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton Ohio* v. *Harris*, 489 U.S. 378, 387, 109 S.Ct. 1197, 1203 (1989). Municipalities may be liable under Title 42 U.S.C. § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690. Further, municipalities may be sued for constitutional deprivations pursuant to "custom" even when that custom has not been formally approved by the municipality's proper decision-making channels. *Id.* "[C]onstitutional violations by government officials that are "persistent and widespread" can be "so permanent and well settled as to constitute a custom or usage with the force of law, and thereby generate municipal liability." *Houston* v. *Cotter*, 2016 WL 1253391 (E.D.N.Y. Mar 30, 2016); *Sorlucco* v. *N.Y.C. Police Dep't*, 971 F.2d 864, 870–71 (citing *Monell*, 436 U.S. at 691) (internal quotation marks omitted).

> A municipality can be liable for a constitutional violation under the Supreme Court's decision in Monell in several ways. Two of those bases are relevant here. First, a plaintiff can establish that "the violation of his constitutional right resulted from a municipal custom or policy." *DeCarlo* v. *Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks omitted). Second, a plaintiff can establish that his constitutional right was violated because of a single decision by a municipal official who is "responsible for establishing final policy with respect to the subject matter in question."

*Pembaur* v. *City of Cincinnati*, 475 U.S. 469, 483,
106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

*Norton* v. *Town of Islip*, 2017 WL 440131 (Summary Order)
(external quotation marks omitted and internal citations preserved).

The courts have recognized three instances where a municipality violates constitutional protections due to policy: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute custom or usage with the force of law"; and (3) an allegation that the constitutional injury was caused by a person with "final policy making authority". *Monell*, 436 U.S. at 690; *City of St. Louis* v. *Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 926 (1988) (plurality opinion); *Praprotnik*, 485 U.S. at 123 (Brennan J., concurring).

A municipality may be held liable for inadequate or lack of training or supervision of municipal employees under Title 42 U.S.C. § 1983. "The issue … is whether that training program is adequate; and if it is not, the question becomes whether such inadequate training can justifiably be said to represent "city policy"". *City of Canton, Ohio* v. *Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197, 1205 (1989). Failure to and inadequacy of training may only serve as basis of liability under Title 42 U.S.C. § 1983 where that failure rises to deliberate indifference to the rights of persons with whom the police come into contact. *City of Canton, Ohio* v. *Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204 (1989). Deliberate indifference "requires that city policy makers made a "deliberate choice … from among various alternatives" not to fully train employees." *Walker* v. *City of New York*, 974 F.2d 293, 297 (2d Cir. 1992); *City of Canton, Ohio* v. *Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205 (1989). Such a decision can be shown where

in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.

*Id.* (external quotation marks omitted).

While one instance of municipal employee's illegal behavior would ordinarily not be enough to find a policy encouraged by the municipality to engage in such illegal behavior, "a single, unusually brutal or egregious beating administered by a group of municipal employees may be sufficiently out of the ordinary to warrant an inference that it was attributable to inadequate training or supervision amounting to deliberate indifference or "gross negligence" on the part of the officials in charge. *Turpin* v. *Mailet*, 619 F.2d 196, 202 (2d Cir. 1980); see *Owens* v. *Haas*, 601 F.2d 1242 (2d Cir. 1979). A municipality can be liable under Title 42 U.S.C § 1983 where "its policies are the "moving force [behind] the constitutional violation."" *City of Canton, Ohio* v. *Harris*, 489 U.S. 378, 379, 109 S.Ct. 1197, 1201 (1989).

Plaintiff Michael McDevitt alleges that Suffolk County Police Officers engaged in the regular practice of administering excessive force. The use of excessive force was later covered-up by the Suffolk County Police Department as further alleged by Plaintiff in his amended complaint. The use of excessive force against the citizens of Suffolk County is a clear violation of individuals Fourth Amendment protections.

Plaintiff Michael McDevitt alleges that Suffolk County Police Officers, condoned and tolerated by Suffolk County, engaged in the use of process and continued prosecution of persons who are guilty of no wrongdoing. Plaintiff asserts that he was subjected to a post-deprivation seizure and maliciously prosecuted by Defendants. See *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017).

The use of unlawful process, abuse of process, malicious prosecution, false arrest and post-arrest seizure is a clear violation of individuals Fourth, Fifth and Fourteenth Amendment protections.

The lack of proper training coupled with the regular practice of excessive force places Plaintiff Michael McDevitt claim within the second instance where a municipality will be held liable for violating constitutional protection.

## DEFENDANTS' DEFENSES

The Defendants contend the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim. The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 and that the Court lacks subject matter jurisdiction.

The Defendants contend that they used no unreasonable force against the Plaintiff and contest the true nature, extent and cause of the Plaintiff's purported injuries. The Defendants contend that Plaintiff's alleged injuries, if any, are de minimis and do not rise to the level of actionable constitutional violations. Moreover, the Defendants contend that the damages/injuries sustained by the Plaintiff, if any, were caused by his own culpable and /or negligent behavior. They further contend that they acted as they did, if at all, solely pursuant to their duties and responsibilities as law enforcement officials, and at all times acted in good faith in that they were exercising and acting within their statutory and constitutional powers.

The Defendants further contend that no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the defendants or otherwise ratified by defendants authorized the deprivation of plaintiff's Constitutional rights; that

the individual defendants' actions were justified by the facts and circumstances presented; that the individual defendants acted reasonably and in good faith in discharge of their official duties and responsibilities.

The individual Defendants contend that they are entitled to judgment in their favor on the basis of qualified immunity.

The Defendants contend that there is no viable constitutional claim stated or which can be proven against the municipal Defendant. The evidence listed in this Joint Pre-Trial order indicates that there is no viable Monell claim that can be asserted and that the evidence is insufficient as a matter of law to support any purported Monell claim against the municipal Defendant. No such evidence exists because there was no constitutional violation in this action and there was no unconstitutional policy, practice or custom that allegedly caused the Plaintiff's alleged injuries, that no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the Defendants or otherwise ratified by Defendants authorized the alleged deprivation of Plaintiff's constitutional rights.

The Defendants will contend that to the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## TRIAL

The parties demand a trial by jury. The anticipated number of trial days for Plaintiff's case is approximately 8 days.

## TRIAL BY MAGISTRATE JUDGE

All parties have not consented to trial of the case by a Magistrate Judge as of this date.

## STIPULATED FACTS

1. Plaintiff was arrested on April 2, 2014;

2. Plaintiff was transported to Brookhaven hospital on April 2, 2014;

3. Plaintiff was prosecuted by Suffolk County;

## DEPOSITION DESIGNATIONS

### Plaintiff's Designations:

None at this time. However, the Plaintiff reserves the right use deposition testimonies of the Defendants and witnesses on their case in chief and for the purpose of impeachment.

### Defendants' Designations:

The Defendants reserve the right to use deposition testimony of the Plaintiff on their case in chief and for the purpose of impeachment. The parties each reserve the right to use deposition testimony if a witness is unavailable and for the purpose of impeachment.

## WITNESS LIST

### Plaintiff's Witnesses

The Plaintiff intends on calling some but not all of the below witnesses in person. The Plaintiff reserves his right to offer the relevant and admissible testimony of any and all witnesses identified by the Defendant, whether or not the Defendant actually

calls such witnesses at the time of trial. (Such witnesses are hereby incorporated by reference.)

1.  Plaintiff Michael W. McDevitt;

2.  Defendant Suffolk County Police Officer Glenn Tarquinio;

3.  Defendant Suffolk County Police Officer Officers John and Jane Doe # 1–10;

4.  Arthur Thompson, M.D., F.A.A.O.S.;

5.  Mary Finchum;

6.  Edwardo Yambo, MD;

7.  Brittany Barton;

8.  Michael Salamone;

9.  Christina Lowery;

10.  Debra Debek;

11.  Wayne Schneider;

12.  Suffolk County Police Officer Matthew Siesto #6241/620;

13.  Suffolk County Police Officer Andrew DeRose #5859/610;

14.  Suffolk County Police Officer Edwin Hugh # 5744;

15.  Suffolk County Police Officer SGT William Robinson # 0912;

16.  Suffolk County Police Officer Keith Liere # 6000;

17.  Internal Affairs Lieutenant Shaun Spillane # 1500;

18.  Defendant Suffolk County Police Officer Alejandro Sanchez;

19.  Former Suffolk County Police Chief James Burke;

20.  Paul Zucker;

21.  Steven Murphy;

22.  Dr. Samuel Thampi;

23.  Christie Braun;

24. Margaret Macleod, MD;

25. Hamid Alam, MD;

26. Amy Bonilla, PA, ED (Emergency Department) at St. Charles Hospital;

27. Matthew C. Eutman, MD, ED physician St. Charles Hospital;

28. Ronald Craig, MD, radiologist St. Charles Hospital;

29. Robert Wolf, RN, ED  St. Charles Hospital;

30. Carmen Monge, RN, ED St. Charles Hospital;

31. Andrew Vitucci;

32. Thomas Spota, former Suffolk County Assistant District Attorney/prosecutor; and

33. Suffolk County District Attorney Christopher McPartland, former Suffolk County prosecutor.

## Defendants' Objections

Defendants object to listed witnesses James Burke, Thomas Spota and Christopher McPartland.  Defendants claim that these witnesses have no involvement in plaintiff's claims.

Defendants;' claim that Plaintiff has not identified any proposed expert witnesses during discovery, the Defendants will object to any attempt to offer expert testimony based upon Plaintiffs' failure to comply with FRCP Rule 26 (a)(2).)

## Defendants' Witnesses

The Defendants reserve their right to offer the relevant and admissible testimony of any and all witnesses identified by the Plaintiff, whether or not the Plaintiff actually calls such witnesses at the time of trial. (Such witnesses are hereby incorporated by reference.)

In addition to the individual Defendants, Police Officer Glenn Tarquinio and Police Officer Alejandro Sanchez (employed by the Suffolk County Police Department, Yaphank Avenue, Yaphank, New York) the Defendants may also call the following witnesses:

1. Police officer Matthew Siesto (in person)

2. Police Officer Andrew DeRose (in person)

3. Police Officer Keith Liere (in person)

4. Police Officer Ralph Dimasi (in person)

5. Police Officer Thomas Hopkins (in person)

6. Police Officer Edwin Hugh (in person)

7. Dr. Craig B. Ordway – Expert Witness (in person)

8. Debra Debek (in person)

9. Wayne Schneider (in person)

The above witnesses will testify as to their interaction and observations of the Plaintiff as it relates to the alleged incident on April 2, 2014. Defendants have also designated an expert, Dr. Craig B. Ordway, whose testimony they expect to offer in their case-in-chief.

Defendants further reserve their right to use such additional and unidentified witnesses for impeachment purposes and/or as may be warranted in response to the plaintiff's direct case as the need arises. See FRCP Rule 26(d)(3).

## EXHIBITS TO BE OFFERED AT TRIAL

### Plaintiff's Exhibit List

1. People v. State of New York v. Michael McDevitt, Docket No. 2014SU012941, Supplemental Response to Demand for Discovery (McDevitt # 1–21)

Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402). Documents primarily consist of medical records for Officer Tarquinio.)

2. Brookhaven Memorial Hospital Medical Center, Medical Record Information Services dated April 24, 2014, to Dr. Yambo from Lisa Regarding Michael McDevitt (McDevitt # 22–35)

3. People v. State of New York v. Michael McDevitt, Docket No. 2014SU012943, Resisting Arrest Misdemeanor Information (McDevitt # 36–37)

4. Police Department Field Report, Central Complaint No. 2014–0198408, April 2, 2014 Time 15:57 (McDevitt # 38–39)

5. People v. State of New York v. Michael McDevitt, Docket No. 2014SU012941, Supplemental Response to Demand for Discovery (McDevitt # 40–62)

Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402))

6. General Receipt of Property received from Mary Ann Finchum (McDevitt # 63)

Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402))

7. People v. State of New York v. Michael McDevitt, Docket No. 2014SU012941, Felony Complaint (McDevitt # 64–65)

8. Medical Records/Documentation printed by Amy Bonilla, PA, April 3, 2014 (McDevitt # 68–70)

9.  Facsimile from Health Information Management Corres. (St. Charles Hospital) to Dr. Yambo concerning Michael McDevitt (McDevitt # 71–77)

10. Documentation from Zwanger-Pesiri to Edwardo Yambo, MD concerning Patient Michael McDevitt (McDevitt # 78–79)

11. St. Charles Hospital Emergency Department Discharge Instructions concerning Patient Michael McDevitt (McDevitt # 80)

12. Brookhaven Memorail Hospital Emergency Department Aftercare Instructions concerning Patient Michael McDevitt (McDevitt # 81–84)

13. Documentation from Zwanger-Pesiri to Edwardo Yambo, MD concerning Patient Michael McDevitt (McDevitt # 85–88)

14. Application for Public Access to Records (Suffolk County Police Department) by Mary Ann Finchum (dated April 7, 2014) (McDevitt # 88–91)

Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402))

15. People v. State of New York v. Michael McDevitt, Docket No. 2014SU012941, Supplemental Response to Demand for Discovery (McDevitt # 92–121)

    (Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402))

16. MICHAEL W. MCDEVITT, Plaintiff - against - SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER GLENN TORQUINIO, in his individual and official capacities, SUFFOLK COUNTY POLICE OFFICERS "JOHN   AND   JANE DOES # 1–10," in their individual and official capacities, DOCKET NO.:  2:16–cv–4164 (McDevitt # 122–165)

18

Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402))

17. In the matter of MICHAEL W. MCDEVITT - against - SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER GLENN TORQUINIO, in his individual and official capacities, SUFFOLK COUNTY POLICE OFFICERS "JOHN AND JANE DOES # 1–10," 50H Testimony (McDevitt # 166–196)

Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402))

18. In the matter of MICHAEL W. MCDEVITT - against - SUFFOLK COUNTY, et al. Notice of Claim (McDevitt # 197–201)

19. People v. State of New York v. Michael McDevitt, Docket No. 2014SU012941, Supplemental Response to Demand for Discovery (McDevitt # 202–242);

Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402))

20. Deposition of Michael McDevitt;
    Defendants' state that Pursuant to Rule 32 any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence. Defendants' claim that Deposition transcript is not a proper exhibit. Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the record is prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402)

21. Deposition of Brittany Barton;
    Defendants' state that Pursuant to Rule 32 any party may use a
    deposition to contradict or impeach the testimony given by the
    deponent as a witness, or for any other purpose allowed by the
    Federal Rules of Evidence. Defendants' claim that Deposition
    transcript is not a proper exhibit. Defendants reserve the right to
    object to plaintiff's exhibit at trial if portions of the record is
    prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE
    402)

22. Deposition of JoAnn McLaughlin;
    Defendants' state that Pursuant to Rule 32 any party may use a
    deposition to contradict or impeach the testimony given by the
    deponent as a witness, or for any other purpose allowed by the
    Federal Rules of Evidence. Defendants' claim that Deposition
    transcript is not a proper exhibit. Defendants reserve the right to
    object to plaintiff's exhibit at trial if portions of the record is
    prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE
    402)

23. Deposition of Wayne Schneider;
    Defendants' state that Pursuant to Rule 32 any party may use a
    deposition to contradict or impeach the testimony given by the
    deponent as a witness, or for any other purpose allowed by the
    Federal Rules of Evidence. Defendants' claim that Deposition
    transcript is not a proper exhibit. Defendants reserve the right to
    object to plaintiff's exhibit at trial if portions of the record is
    prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE
    402)

24. Suffolk County Internal Affair Unit Statistics produced by JoAnn
    McLaughlin and/or as testified to by JoAnn McLaughlin;

Defendants reserve the right to object to plaintiff's exhibit at trial
if portions of the records are prejudicial, confusing, misleading
(FRE 403) or irrelevant. (FRE 402)

25. Suffolk County Internal Affair Unit records demanded by Plaintiff to
    be produced by JoAnn McLaughlin and/or as testified to by JoAnn
    McLaughlin;

Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402)

26. Suffolk County AVL Files;

27. Suffolk County Police Department Rules, Orders and/or Procedures produced by Defendants through Kyle Wood, Esq.

28. Suffolk County Police Department Radio Runs produced by Kyle Wood, Esq.

29. Suffolk County Police Department 911 Phone Calls produced by Kyle Wood, Esq.

30. Unsealed criminal, district court, records of Brittany Barton; (Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402))

31. Unsealed criminal, district court, records of Michael McDevitt; (Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402))

32. Unsealed criminal, district court, records of Michael Salamone; (Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402))

33. Unsealed criminal, Suffolk County Police Department, records of Brittany Barton; (Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402))

34. Unsealed criminal, Suffolk County Police Department, records of Michael McDevitt;

Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402)

35. Unsealed criminal, Suffolk County Police Department, records of Michael Salamone;

Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402)

36. Records produced from (any) pending Freedom of Information Law request on behalf of Michael W. McDevitt;

Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402)

37. Letter(s) produced by Wayne Schneider;

Defendants reserve the right to object to plaintiff's exhibit at trial if portions of the records are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402)

38. Pictures of Plaintiff Michael McDevitt;

39. Video taken of Plaintiff and Defendant as produced by Brittany Barton;

Defendants reserve the right to object to plaintiff's exhibit at trial under FRE 37(e) and if portions of the video are prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402)

**Defendants' Exhibits**

The Defendants reserve their right to offer into evidence any exhibits listed by the plaintiff in this Pre-trial Order. The Defendants may also offer the following additional exhibits:

1.  All S.C.P.D. paperwork regarding C.C. 14–0198489, 14–0199034, 14–0198103, 14–0198105, 14–0198138, 14–0198064, 14– 198408, including but not limited to the events at 7 Hornleaf Lane, Holtsville, New York and the transport of the plaintiff to Brookhaven Hospital on April 2, 2014;

2.  Arrest Report of Plaintiff for OGA, Resisting Arrest, Assault in the Second Degree and Harassment in the Second Degree;

3.  Two (2) Civilian Arrest Forms signed by Wayne Schneider;

4.  Arrest Reports for Michael Salamone and Brittany Barton;

5.  Field Report 14–0198064; Field Report 14–0198408;

6.  Injured Employee Report for Police Officer Glenn Tarquinio;

7.  Medical Records from Brookhaven Hospital regarding plaintiff;

8.  Prisoner Activity Log for plaintiff;

9.  Medical Records from Dr. Yambo regarding plaintiff;

10. SCPD Radio Transmissions and 911 calls regarding arrest of plaintiff on April 2, 2014;

11. Notice of Claim and Amended Complaint;

12. Medical Records from St. Charles Hospital regarding plaintiff;

13. Felony Complaint and Misdemeanor Informations for plaintiff;

14. Arrest Reports;

15. Prosecution Worksheet;

16. Expert Report by Dr. Craig B. Ordway;

17. Medical records from Brookhaven Hospital, St. Charles Hospital and Dr. Yambo;

18. Advanced Urology - records of evaluation and treatment 03/16114;

19. Comprehensive Medical Diagnostic - results of electrodiagnostic testing 04/08/14;

20. Zwanger-Pesiri Radiology - report of MRI cervical spine, MRI lumbar spine exam date 11/28/18;

21. E. Yambo, M.D. - records of multiple visits as private physician including reports of pain in neck and back;

22. Northwell Health - G. Samamo, M.D. consultative report 03/07/16;

23. S. Thampi, M.D. - reports of radiological studies including MRl of cervical all lumbar levels of the spine dating to 2009;

24. Zwanger-Pesiri Radiology – MRl lumbar spine, MRT cervical spine, bilateral ribs three views, chest x-ray - report of exams dated 04/06/14;

25. Multiple drug testing results - multiple dates;

26. Gastrointestinal pathology reports - N. D'Silva, M.D.;

27. BAB Radiology - report of TMJ MRl12/20/11, soft tissues of neck 12/20/11;

28. BAB Radiology - CT scan of chest without contrast report of exam date 05110/13;

29. BAB Radiology - x-ray views left ribs 04/29113;

30. Further reports of S. Thampi, M.D. documenting continued care begriming 11129/12;

31. D. Weissberg, M.D. - Orthopedic Solutions report date 10/25/12 injuries to the cervical spine and summarizing diagnostic impression of chronic cervical and lumbar radiculitis.

32. Photos of medical prescriptions received from plaintiff;

33. Photos of 7 Hornleaf Lane.

Plaintiff reserves the right to object to Defendants' exhibit at trial if portions of the record is prejudicial, confusing, misleading (FRE 403) or irrelevant. (FRE 402))

Dated at:   Suffolk, New York
April 27, 2020

LAW OFFICES OF CORY H. MORRIS
*Attorneys for Plaintiff*

by: _____
**Cory H. Morris**
195 Pinelawn Road, Suite 250s
Melville, New York 11747
Telephone: (631) 450–2515
Fax: (631) 223–7377

**Suffolk County Attorney's Office**
Suffolk County Department of Law
*Attorney for Defendants*

by: _____
**Stacy A. Skorupa, Esq**
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
Telephone: (631) 853–4049
Fax: (631) 853–5169