**COUNTY OF SUFFOLK**



**STEVE BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

| | |
|---|---|
| **DENNIS M. COHEN**<br>**COUNTY ATTORNEY** | **DEPARTMENT OF LAW** |

June 8, 2022

Hon. Gary R. Brown, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE:   McDevitt v. Suffolk County, et al.
         16-cv-4164 (GRB)(ST)

Dear Judge Brown

I write at this time on behalf of the County Defendants in response to the Court's Order dated April 12, 2022 wherein the Court granted Defendants' request to adjourn the case *sine die* and for the parties to meet-and-confer and submit a further joint status report by June 10, 2022 including proposed dates for jury selection and trial. As the Court may recall, the reason for this request was based on the fact that one of my clients (named Defendant Police Officer Alejandro Sanchez) had been actively undergoing chemotherapy treatments for cancer which were scheduled to conclude at the end of April. As noted in our prior correspondence to the Court, based upon his prognosis at that time, his treating physician had indicated that it would take a minimum of three (3) to six (6) weeks following the conclusion of his chemotherapy treatments at the end of April for the side effects to subside at which point he would be re-evaluated to determine the next course of action in his treatment and care. As also noted, these side effects render him unable to sit for any lengthy period of time and require him to be close to the bathroom and use the bathroom frequently and unpredictably, often times on a moment's notice.

I write at this time to advise the Court that while Officer Sanchez has concluded chemotherapy on schedule and is on the road to recovery, he is still recovering from the referenced side effects of his treatments. As such and as I previously advised the Court and Plaintiff's Counsel, Cory Morris, was a possibility, he is still unable to sit for lengthy periods of time and needs to be close to the bathroom and use the bathroom frequently and unpredictably, often times on a moment's notice. Put simply, his recovery has been slow, but promising, but at this time he is still physically unable to sit through full days of trial as the trial in this matter would require. Based on the foregoing, Defendants request that the Court continue to adjourn the case *sine die* and allow me the opportunity to submit another status letter in sixty (60) days (on or after August 10, 2022) at which time he will have a clearer idea of his future prognosis, the next course of action in his treatment and care, and his availability for trial. It is again my hope that at that time we will have a more realistic idea on when Officer Sanchez will be healthy enough and physically able to sit through his trial and testify on his own behalf. As noted previously, Plaintiff's

Counsel, Cory Morris, did not depose any of the named defendants in this case, including Officer Sanchez. As such, we do not have the ability to rely upon his prior sworn deposition testimony in this case despite the fact that he is unable to appear at this time.

As per the Court's directive, I met and conferred with Mr. Morris and his co-counsel, Victor Yannacone, Jr., this afternoon which was futile in that it was essentially impossible to have a reasonable conversation with them without them interrupting when I tried to speak. They do not consent to Defendants' request herein. Mr. Morris did provide me with his position in writing, but for inexplicable reasons he wished to file his own status letter despite my offering to include his position in my request as a joint status letter as the Court directed. However, given his position as stated to me and forwarded to me in writing which will be filed with the Court by him under separate cover, Defendants respond as follows:

Defendants oppose any application by Plaintiff to sever as previously requested and note that other than Officer Sanchez, there is only one other named defendant in this case—Police Officer Glenn Tarquinio. With respect to Plaintiff's position that Defendants should have somehow anticipated Officer Sanchez's cancer diagnosis and subsequent unavailability due to the effects of the treatment for same and "preserved his testimony", it is without merit. Further, while Plaintiff indicates that the County of Suffolk is the primary defendant in this matter, as the Court is aware, without a constitutional violation by a named defendant, a plaintiff cannot sustain a *Monell* claim against the County. As such and as we will explain in further detail at the time necessary to do so, at the time of trial Defendants will be moving for an Order pursuant to Federal Rule of Civil Procedure 42(b) bifurcating the matter so that the claim against the individual defendants is tried first, with trial of the plaintiff's claim pursuant to *Monell v. N.Y. City of Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2010 (1978) to follow, if necessary (i.e., if there is a plaintiff's verdict against an individual defendant).

Should the Court deny Defendants' application to adjourn the case *sine die* and order another status report by August 10, 2022, Defendants respectfully request the opportunity to provide the Court with the availability of defense counsel and the other defendant and defense witnesses prior to the Court scheduling the case for a definitive trial date.

We thank the Court for its consideration of this submission.

Respectfully submitted,
*/s/ Stacy A. Skorupa*
Stacy A. Skorupa
Assistant County Attorney
Suffolk County Attorney's Office

cc:   Cory H. Morris, Esq (via ECF)