

*Via Electronic Case Filing Only*

April 20, 2023

Honorable GARY R. Brown
United States District Court
100 Federal Plaza
Central Islip, NY 11722

    Re:    <u>Proposed changes to Jury Charges and Verdict Sheet;</u>
               <u>Michael W. McDevitt v. Suffolk County et al, 2:16-cv-4164 (GRB);</u>

Dear Judge Brown:

    I represent Michael W. McDevitt. I submit this letter to address the plaintiff's objections to the proposed jury instructions, which we received yesterday. I also voice objections to the proposed verdict sheet, which we received as Court adjourned for the day, and which I enclose.

### A. Plaintiff's objections to the jury instructions

    1.    At pages 20-21, the Court's instructions regarding intent are incomplete and erroneous. The Court should include the following language:

> To establish a claim under Section 1983, plaintiff must establish by a preponderance of the evidence that the defendants acted intentionally or recklessly, as compared to negligently (Authority: Sand 87-74). I emphasize that plaintiff does not have to establish that the defendants intended to violate his federal constitutional rights.

(Authority: *Hudson v. New York City*, 271 F.3d 62, 68-69 (2d Cir. 2001)).

> An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason (Authority: Sand 87-76). An act is reckless if done in conscious disregard of its known probable consequences (Authority: *Id*. 87-77). If you find that either or both of the defendants committed the acts plaintiff claims, then I instruct you that plaintiff has established that the defendants have acted intentionally, and you do not have to consider it.

135 Pinelawn Road, Suite 250s, Melville NY 11747

Please send all mail to:

TEL: 631.450.2515 | FAX: 631.223.7377 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com

515 East Las Olas Boulevard, Suite 120 • Fort Lauderdale, FL 33301  *By appointment only*

(Authority: *Dancy v. McGinley*, 843 F.3d 93, 116-18 (2d Cir. 2016); *see Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015).)

After conferring with appellate counsel, the proposed instructions are inaccurate. In *Hudson*, the Second Circuit suggested it was error not to so instruct the jury. And *Kingsley* and *Dancy* make clear that intent means the intent to commit an act and not the results intended.

2. At page 21, the last word is Fourteenth. I think it should be Fourth.

3. At page 27 regarding Resisting Arrest, there should be the following instruction:

> I also instruct you that plaintiff could not have committed the crime of Resisting Arrest unless the original police conduct was an Aauthorized arrest, *i.e.*, unless the police were justified in arresting her in the first place. (Authority: *People v. Jensen*, 86 N.Y.2d 248 (1995)). In other words, Aprobable cause to arrest is a prerequisite for making an authorized arrest, and if there is no probable cause to arrest a person, that person cannot be guilty of resisting arrest.

(Authority: *Curry v. City of Syracuse*, 316 F.3d 324, 336 (2d Cir. 2003) (citation and quotations omitted); *People v. Alejandro*, 70 N.Y.2d 133, 135 (1987)).

4. Regarding malice may be inferred, the following should be deleted: BUT ONLY WHERE PROBABLE CAUSE WAS SO TOTALLY LACKING THAT NO REASONABLE OFFICER COULD HAVE THOUGHT IT EXISTED. N.Y. Pattern Jury Instr.--Civil 3:50. Also, the clause, as written, sounds like the standard for qualified immunity, which is an issue of law for the Court. *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007).

5. Regarding compensatory damages for false arrest, the Court should include a *Kerman* charge. *See Kerman v. City of New York*, 374 F.3d 93 (2d Cir. 2004). In *Kerman*, the Second Circuit made clear that the jury must award damages for loss of liberty as compared to emotional distress damages. We request the following charge:

> If you find that plaintiff was falsely arrested, then from the fact of his confinement alone you must award him monetary damages for the loss of freedom and movement. Mr. McDevitt is not required to show any particular loss of money resulting from confinement before you award damages for false arrest. In awarding damages for the fact of confinement, you may consider the loss of time, the physical discomfort or inconvenience, and the conditions of confinement

(Authority: *Kerman v. City of New York*, 374 F.3d 93, 124-31 (2d Cir. 2004)).

6. Regarding nominal damages, because of *Kerman*, which holds the jury must award damages for loss of liberty, a nominal damages charge for false arrest is also improper.

7. Nominal damages for malicious prosecution are unwarranted and should be stricken as it is uncontested that the Plaintiff expended thirty thousand ($30,000.00) in legal fees.

8. At page 35, we request that the Court delete the sentence regarding fees. It injects an issue of no relevance into the jury's mind and can only be confusing.

8. I wish to reiterate my point regarding punitive damages and indemnification. The Court may recall that defendants' counsel mentioned in the opening statement that the defendants will be responsible for any verdict. We know this is incorrect given Suffolk County's indemnification of the individual defendants for compensatory and punitive damages. So, we request an Order permitting me to discuss that the County is indemnifying the defendants. We also request an Order precluding defense counsel from making such statements during closing arguments.

Alternatively, if the Court is unwilling to permit me to discuss indemnification, we request an instruction that says, in sum and substance, that you heard the defendants say in their opening statement that they are retired, no longer on the force, that this impacts them personally, that their rights are implicated by this, etc. I instruct you that you, the jury, are not to consider this evidence for any purpose. You are not to consider it when determining liability, awarding compensatory damages or punitive damages.

Where the County indemnifies its officers in the case of punitive damages awards, the Second Circuit has made clear that a plaintiff is permitted to present evidence of the fact of indemnification. *Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997). As the *Mathie* Court wrote:

> [a]lthough we do not decide the question of whether a fact-finder can rely upon the existence of an indemnity agreement in order to *increase* an award of punitive damages, we rule that a fact-finder can properly consider the existence of such an agreement as obviating the need to determine whether a defendant's limited financial resources justifies some *reduction* in the amount that would otherwise be awarded. It would be entirely inappropriate for a defendant to raise the issue of his limited financial resources if there existed an indemnity agreement placing the burden of paying the award on someone else's shoulders. See *Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996) AThe defendant should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab).

*Id.* at 816 (emphasis in original); *see also Dallas v. Goldberg*, No. 95 Civ. 9076, 2002 U.S. Dist. LEXIS 8829, *14-15 (S.D.N.Y. May 20, 2002) (Swain, J.) ([t]he uncertainty of indemnification here is not an appropriate ground for preclusion of the evidence proffered by Plaintiff, if such evidence is presented in rebuttal to an argument for reduction of an otherwise appropriate punitive damages award).

9.   The Court does not have instructions for plaintiff's parallel state law claims. We submit that they are unnecessary if the County stipulates that it will pay any damages if the jury returns a verdict against either defendant, including if the Court ultimately affords them qualified immunity.

**B. Plaintiff's objections to the verdict sheet.**

1.   In the False Arrest Claim (p. 1), the Yes/No for Question 1 should be reversed. Also, Question 2 should be deleted for two reasons. First, damages must be awarded in light of *Kerman*. Second, even if the plaintiff does not establish damages, he will be entitled to nominal damages. So, Question 2 should be replaced with the Conclusion.

2.   In the Excessive Force part of the Verdict Sheet (p. 2), we have the same objections as in Point 1.

3.   In the Malicious Prosecution part of the Verdict Sheet (p. 3), it reiterates the Excessive Force questions. We are confident this was an inadvertent mistake.

4.   The Verdict Sheet does not contain any questions for Compensatory and Punitive Damages. We reserve our right to comment and object, if warranted, to a revised verdict sheet once we receive it.

Thank you for your attention to these matters. I look forward to discussing them with the Court later today.

Respectfully submitted,

Cory H. Morris

CHM:sak
Enclosure

cc:   All Counsel (by ECF)
      Scott A. Korenbaum, Esq. (by email)